MARY A. HANENKAMP'S ADMINISTRATOR, Defendant in Error, v. FRANCIS BORGMIER, Plaintiff in Error.

| 32 | 569 |
| 124 | 376 |
| 58a | 410 |

*Administrator.*—The administrator or executor is entitled to the possession of the personal property and choses in action of the deceased in preference to the next of kin. Where the administrator of an estate, upon final settlement, was ordered to pay to the parties entitled by law, and the intestate left two children, one of whom died pending the administration, upon whose estate letters were granted; *held,* that the personal representative of the deceased child was entitled to demand the portion of the estate in the hands of the first administrator, and that a payment of the whole balance to the surviving next of kin was no defence to a suit for the half of such balance.

*Error to Cole Circuit Court.*

*J. L. Smith,* for plaintiff in error.

The plaintiff had no right to recover on the evidence offered and given in the cause. There was no evidence tending to show that Borgmier, administrator of John Hanenkamp, had notice of the fact that Ewing had administered on the estate of the minor child of his intestate in Cole county, or that there was any demands against her unpaid. Now, Mary Adelaide Hanenkamp and Mary Ann Hanenkamp, on the death of their father, John Hanenkamp, became joint tenants in their father's estate; and after the payment of all debts they would take the money in the hands of the administrator in equal parts; but in the event, as was the case, one died before the estate was finally settled or placed in their possession, then the survivor would take the whole estate, of course subject to the debts of the ancestor. (Black. Com. 149.) The said Mary Ann Hanenkamp being a minor and not having come actually into the possession of her interest in her father's estate, the same, unless there had been distribution before her death, could not pass into the hands of an administrator. Now, if there had been a final settlement of her father's estate, and an order of distribution made before her decease, money in the hands of the administrator would clearly have been payable to an administrator of her own estate. But in this case the said Mary Ann Hanenkamp

was a mere girl, fifteen years old, entitled to a joint interest with a sister in her father, John Hanenkamp's, estate, and who died unmarried without issue. Now then, with this knowledge, the administrator gives notice of final settlement and makes it. Order of distribution is made to pay over the money in his hands to those entitled under the law to the same. Who now, after the death of Mary Ann Hanenkamp, would be entitled to said money but the sister of the deceased? It might be said that if the administrator had knowledge of the fact of there being an administrator of the estate of the said Mary Ann Hanenkamp, and of these allowances, that then the administrator could not pay the money to the survivor; but in this case there was no notice of administration or indebtedness of the estate of the said Mary Ann Hanenkamp.

*White*, for defendant in error.

I. The first instruction asked by the defendant in error and given by the court, if sustained by the evidence, is certainly correct.

II. If the first instruction is in accordance with the law and the evidence, the second must be; otherwise an administrator might do such a thing as to pay the whole of an estate to one heir, whose brother might have married the heir to whom the money is paid. Martin Borgmier, the husband of Mary Adelaide Hanenkamp, is the brother of Francis Borgmier, the defendant in this case. If the law was as is contended great injustice might be done.

The defendant states in his answer that at the time of his final settlement as administrator of John Hanenkamp, there was no administration lawfully granted on the estate of the said Mary Ann. He made his final settlement in August, 1859, and in May, 1857, administration was granted upon the estate of Mary Ann.

BATES, Judge, delivered the opinion of the court.

This suit is brought from the Cole Circuit Court by writ

of error.    John Hanenkamp died in 1855, and defendant administered his estate.    Hanenkamp left two children, his heirs, Mary Adelaide and Mary Ann.    Mary Adelaide married and survives.    Mary Ann died in 1856, and in 1857, by order of the County Court, the public administrator, the plaintiff, took charge of her estate, and debts were allowed against it.    In 1858, defendant made final settlement of the estate of John Hanenkamp, and was ordered to pay over the balance in his hands to those entitled thereto under the law. He paid the whole to Mary Adelaide and her husband.

The plaintiff brought this suit for half of the balance in defendant's hands when he made final settlement of John Hanenkamp's estate, and recovered it, and defendant brings up this case.

The instructions given in the court below are to the effect that the plaintiff, as administrator of Mary Ann Hanenkamp, was entitled to be paid one half of the estate of John Hanenkamp.    Although it may well be that the surviving daughter of John Hanenkamp is the heir of her deceased sister, yet the administrator, as the personal representative, is entitled to receive and administer her property for the benefit of all interested in it, including creditors as well as distributees.

The judgment of the court below is affirmed.    Judges Bay and Dryden concur.