State to use, &c., v. Fulton et als.

STATE TO USE OF FELIX COSTE, CURATOR OF LESSEUR *et als.*, Appellants, *v.* WILLIAM FULTON *et als.*, Respondents.

35  323
124  376

35  323
87a  395

*Administration—Action.*—Where the administrator dies or is removed before final settlement, the administrator *de bonis non* can alone sue for the assets unadministered. Although the debts be paid, the heirs have no right of action until distribution is ordered.

*Appeal from St. Louis Common Pleas Court.*

*Glover & Shepley,* for appellants.

I. In order to make any lapse of time a bar to an action, the person against whom it is to operate must be *sui juris* able to enforce his rights. Here the real parties in interest are infants of tender years, and for whom no curator was appointed until 1855. Until that time no suit could have been brought by them against these defendants.

II. The statute by its very words makes the limitation of seven years within which suits can be brought against the securities of an administrator relate only to suits of an administrator *de bonis non.*

III. The fact that the suit was not brought by the administrator *de bonis non* is not any defence; for the reason that, in the first place, the case shows that the debts were all paid and the estate settled up; and in the next place, that the administrator *de bonis non* was one of the securities and a party to this suit.

*B. A. Hill,* for respondent.

I. The right to sue on the bond, in this case, went, by the 44th, 45th and 46th sections of the R. C. 1845, to the successor in the administration, William Fulton, who became administrator *de bonis non* upon the marriage of the administratrix. Fulton, as administrator succeeding, could alone sue upon the bond; and he is made the sole representative of the estate in administration. (§ 45 p. 70, R. C. 1845.) All such suits against the securities must be brought within

seven years. This suit was brought after seven years, when the action was barred. (§ 46, p. 70, R. C. 1845.)

As the administration law makes the successor of Octavia the representative of the estate, and expressly directs all suits on the bond, or for any property of the estate, to be brought by such successor in the administration within the seven years; the curator of the heirs must look to the successor and his bond for any surplus or balance of the estate, to which they may be entitled as distributees.

II. The heirs of the deceased Lesseur had no vested right to a distribution or any distributive share of the estate of their father, when the administration of Octavia, their mother, was extinguished by the marriage. (§ 1, art. 6, p. 100, R. C. 1845.) Distribution was to be made of this estate upon the settlement of the succeeding administrator (Fulton) and not upon the settlement of Octavia Lesseur, before the estate was further administered. The 6th art., p. 100, 101-2-3-4, proves this proposition to be incontrovertible. The sole right of action being by law vested in the succeeding administrator, and the estate not being subject to distribution when the letters of Octavia were revoked and her powers extinguished (§ 32, p. 67, R. C. 1845), the judgment was properly entered for the defendants, and that judgment should be affirmed.

III. On the 24th September, 1852, the court ordered Octavia, the administratrix, to pay over the moneys and deliver the property, &c., of the estate to Fulton, her successor; and this judgment is a bar to any action by the heirs as distributors for the same money, property, &c. They must sue the party who became invested, by the judgment of the court, with the estate remaining as it was unadministered. Besides, then there has been no order of distribution, and no suit will lie until such order in favor of the distributees.

BATES, Judge, delivered the opinion of the court.

Octavia Lesseur, widow of Alexander Lesseur, became administratrix of his estate, and the defendants were the secu-

rities in her bond as such administratrix; she subsequently married Beneke, by means of which marriage her letters of administration were revoked, and an administrator *de bonis non* was appointed; she made in the probate court a settlement of her administration, and a balance being found in her hands, she was ordered to pay it to her successor in the administration. More than seven years afterward, the plaintiffs, who are the children and heirs-at-law of Alexander Lesseur, bring this suit by their curator, and allege that the administratrix (Octavia Lesseur) had never paid the balance in her hands to any one authorized to receive it, and that there were no debts of the estate remaining unpaid, and that they were entitled to the fund.

There was judgment in the court below for the defendants, and the plaintiffs appealed. The case was decided in favor of the defendants upon this instruction: "The marriage of Octavia Lesseur to Mr. Beneke was a revocation of the letters of administration granted to said Lesseur; and if more than seven years elapsed after the said marriage and before the suit was commenced, the plaintiff cannot recover."

We think it unnecessary to examine into the proper application of the statute of limitations to this case, for the reason that the judgment is for the right party, independently of the lapse of time. The administratrix, whose securities the defendants are, having made a settlement final as to her administration, and having been ordered by the court to pay the balance in her hands to her successor, the administrator *de bonis non*, she and her securities were liable to that successor, and not to the plaintiffs or other persons interested in the estate. The remedy of the plaintiffs is against the administrator *de bonis non*.

Judgment affirmed. Judges Bay and Dryden concur.