Vastine, Public Adm'r, v. Dinan et al.

--------

JOSEPH P. VASTINE, Public Administrator, having in charge the estate of John Shannon, deceased, Respondent, v. JOHN W. DINAN and JOHN MERRICK, Appellants.

1. *Administration—Set-off against suit of administrator, when admissible.*— The second section of the act regulating set-offs (R. C. 1855, p. 1462; Gen. Stat. 1865, p. 602, § 3) was only designed to be applicable in cases where the suit was brought by the executor or administrator directly against a person who had a cause of action which accrued in the lifetime of the testator or intestate. And after the death of the party having such set-off, a claim against the principal and securities upon his executor's bond, founded upon the misconduct of the executor, is a claim against them in their individual capacity. Hence, an indebtedness of plaintiff, in his lifetime, to defendant's testator, cannot be set off against it.

2. *Administration—Payment of debts—Claims of heirs for shares in estate, when brought.*—Before heirs have any right of action against the administrator for their distributive share of the estate, the debts against the estate must not only be paid, but distribution must be ordered by the appropriate tribunal.

*Appeal from St. Louis Circuit Court.*

This was an action originally commenced in the Probate Court of St. Louis county, under section 67, article I., of an act concerning executors and administrators (R. C. 1855, p. 126; Gen. Stat. 1865, p. 487, § 68), and thence appealed to the Circuit Court. John Shannon died in April, 1861, and thereupon his brother Joseph became his administrator, the appellants becoming securities on the administrator's bond. Joseph Shannon died in October following, and before the time of making his first annual settlement. The respondent took charge of John Shannon's estate to administer the same in February, 1865, and, as successor to Joseph Shannon, instituted legal proceedings against the securities of Joseph Shannon, former administrator, to ascertain the amount of money in the hands of such deceased administrator, in his representative capacity, at the time of his death.

Other facts appear in the opinion of the court.

*Davis*, and *Davis & Evans*, for appellants.

*Grace*, for respondent.

I. Defendant's claim cannot, in an action against an administrator's securities, be pleaded by way of off-set. (State, to use of Cowan, v. Modrell *et al.*, 15 Mo. 421; Woodward *et al.* v. McGaugh, 8 Mo. 161.)

II. The statutes provide a specific method to be pursued by Joseph Shannon to establish this demand against the estate of his intestate, John Shannon, which method has not been adopted. (R. C. 1855, p. 154, § 12; *id.* p. 156, § 24.)

III. Upon the death of Joseph Shannon, the right to assert this claim against the estate of John Shannon survived only to the executor or administrator of Joseph Shannon, and such executor or administrator cannot have that right taken away from him by any action of these appellants in claiming the right to assert it,

and he would not be barred from asserting the same by the decision of the Circuit Court allowing these appellants to avail themselves thereof.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought on an administrator's bond, made by one Joseph Shannon as principal and the appellants as securities. It appears that John Shannon died in the spring of 1861, leaving certain property and personal effects in the city of St. Louis, and that his only heirs at law were his brother, Joseph Shannon, and a couple of children of a deceased brother. Joseph Shannon obtained letters of administration from the Probate Court, and administered on the estate, the appellants being sureties on his bond. After reducing the assets into possession, Joseph died, in the fall of 1861, without having made any settlement with the court, and this suit was instituted to ascertain the amount due the estate and recover the same.

When the cause came on for trial in the court below, the appellants offered to prove that John Shannon was, at the time of his death, indebted to his brother Joseph in the sum of fourteen hundred and forty dollars for board, which was set up and claimed as a set-off, but the court ruled out the testimony, and held that it constituted no defense. Evidence was also offered to show that Joseph's widow, after the death of John, paid two hundred and fifty dollars on a debt for which the estate of John was liable. Upon objection being made, this evidence was excluded. It was further contended that as Joseph was entitled to one-half of the estate as heir at law, he ought to be permitted to retain the same, and therefore the respondent should not have judgment for that amount. But the court overruled this defense, and found for the respondent.

The first question to be determined is whether the court rightfully rejected the appellants' set-offs. The second section of the act regulating set-offs (R. C. 1855, p. 1462) provides that in suits brought by administrators and executors, debts existing against their intestate or testator, and belonging to the defendant at the time of their death, may be set off by the defendant, in the

same manner as if the action had been brought by and in the name of the deceased. But this section was only designed to be applicable in cases where the suit was brought by the executor or administrator directly against a person who had a cause of action which accrued in the lifetime of the testator or intestate.

The case of The State v. Modrell *et al.*, 15 Mo. 421, is in point, and holds that a claim against the principal and securities on an executor's bond, founded upon the misconduct of the executor, is a claim against them in their individual capacity; and an indebtedness of the plaintiff to the testator in his lifetime cannot be set off against it. The proceeding in the present case was against the securities in their individual capacity, upon their personal obligation, and the set-offs by which they sought to shield themselves from liability were clearly inadmissible.

The next position assumed—that Joseph Shannon, being one of the heirs, was entitled to retain one-half of the estate—is wholly untenable. The administration was not completed, and there was no means of ascertaining his distributive share till the debts were proved up and paid and the proper order made by the Probate Court. Before heirs have any right of action, the debts against the estate must not only be paid, but distribution must be ordered by the appropriate tribunal. (State v. Fulton *et al.*, 35 Mo. 323.)

The judgment is affirmed. The other judges concur.

