THE STATE OF MISSOURI *ex rel.* WILLIAM MIDGETT *et al.*, Defendants in Error, *v.* RODERICK MATSON, Adm'r, etc., *et al.*, Plaintiffs in Error.

1. *Administrator, bond of — Suit on may be brought against, prior to order of distribution, when.*— The heirs may institute proceedings against an administrator for a breach of his bond prior to an order of distribution by the Probate or County Court, whenever it is ascertained that the debts of the estate have been paid. In such case the heirs have a direct vested legal interest, and ought not to be prejudiced by the default of the administrator, or the remissness of the court in discharging its proper functions.

2. *Administrator — Final settlement of, lapse of time after — What presumption afforded by as to unsatisfied claims.*— The lapse of eight years after a final settlement by an administrator leads inevitably to the inference that there were then no creditors holding unsatisfied claims against the estate.

3. *Sureties — Release of, at law and in equity.*—At law, a technical release of one surety is a release of all; but the rule is otherwise in equity.

4. *Principal and surety — Co-sureties — Discharge of one no discharge of the others in equity.*—A release of the principal will always discharge the surety; but one surety may be discharged without prejudice to an action against the others, to the extent that they would be liable in a suit for contribution between themselves. The discharge of one surety can not be permitted to increase the liability of the others.

*Error to Fifth District Court.*

Benson was principal, and Campbell and Mills were securities on his bond as administrator. This suit was brought by plaintiffs, as heirs, against Matson, as administrator of Benson, and Mills and the heirs of Campbell, for breach of the administration bond, by reason of the failure of Benson to account for moneys in his hands. The suit was commenced eight years after Benson's final settlement. ( *Vide,* also, opinion of the court. )

*McFerran & Turner*, for plaintiffs in error.

The defendants in error, by dismissing their suit against the Campbell heirs, after demurrer sustained as to them, thereby released the co-security (Mills) from the obligations of the bond. (18 Johns. 481 ; 7 Marsh. 67 ; 25 Wend. 320 ; 21 Wend. 108 ; 8 Paige, 237, and cases cited ; 4 Wend. 368 ; 9 Cow. 128.)

*Asper & Pollard*, for defendants in error.

I. The release of one of several co-obligors does not discharge the others. (State, to use, etc., v. Atherton, 40 Mo. 209 ; Dodd v. Wynn, 27 Mo. 501.)

II. In this case it is fair to assume that the estate was fully settled ; but if any creditors should still exist, the suit could be maintained nevertheless, because the law provides that the heir in such case can be made to refund. (State, to use, etc., v. Campbell, 10 Mo. 724 ; Finney *et al.* v. State, to use, etc., 9 Mo. 624 ; State, to use, etc., v. Porter, *id.* 352 ; State v. Morton, 18 Mo. 53.)

WAGNER, Judge, delivered the opinion of the court.

The pleadings in this case are somewhat confused and inartificially drawn ; but the real merits of the controversy are involved in two points, which need only be noticed. These are : first, whether the heirs could prosecute the suit on the administrator's bond before order of distribution made by the County Court ; and, second, whether the release of Campbell's heirs, whose ancestor was one of the sureties on the administration bond, operated as a release of Mills, who was the co-security. There is some conflict in the previous decisions of this court in regard to the right of the heirs to institute proceedings against an administrator for breach of his bond prior to an order of distribution by the appropriate tribunal. In the case of The State, to use, etc., v. Campbell *et al.* (10 Mo. 724), it was held that an heir or distributee might sue for a failure to account for money received, and that their right of action accrued as soon as the failure occurred. The court there took the broad ground that it

was a matter of utter indifference whether three years had elapsed from the grant of letters of administration, or whether there had been any final settlement or order of distribution made; that the injury accrued as soon as the neglect occurred, irrespective of time. It was said, if the heirs and distributees should recover from an administrator moneys or property not accounted for, if creditors should afterward appear, they could, by bill in equity, compel them to refund. With great deference to the eminent jurist who delivered that opinion, the reasoning is not quite satisfactory. Suppose the heirs have coerced the money out of the hands of the administrator, and have squandered it, or become wholly insolvent, where then is the creditors' recourse? Heirs are postponed to creditors, and they have no rights till the debts are paid; but if they can obtain the property in this way, before final settlement and without discharging the debts, where is the creditors' security? The administrator is responsible on his bond; and this was intended for the joint protection of the heirs, the creditors, and all who may have any interest in the estate.

The case of The State v. Campbell was followed in State v. Morton (18 Mo. 53), without any comment whatever, the judge merely remarking that the point about the order to pay over before the action could be brought had heretofore been decided by this court, and would remain undisturbed.

In The State v. Fulton (35 Mo. 323), it was said that, although the debts be paid, the heirs have no right of action until distribution is ordered. In the case of Vastine v. Dinan (42 Mo. 269), it was held that where the administration was not completed, and the debts paid up, an action would not lie in behalf of the heirs; that their rights must be ascertained and determined before they could sue. It will be thus seen that there is some conflict in the prior rulings of this court, and that the decisions are not entirely harmonious. I am inclined to think that the better opinion is that an order of distribution by the Probate Court is not absolutely necessary as a prerequisite to enable the heirs to maintain their action. But whenever it is ascertained that the debts have been paid, they are entitled to proceed against the administrator for his failure to account or for breach committed by him.

When the debts are all proved up and paid, the heirs then have a direct vested legal interest; and they ought not to be prejudiced by the default of the administrator, or the remissness of the court in discharging its proper functions.

In the present case the petition states that the administrator made his third and last settlement, and that the balance sued for was found to be in his hands. It is not averred, as it should have been, that the settlement was final, nor that the debts were all paid. The petition is defective in this matter, but it can be remedied hereafter. The length of time that elapsed after the making of the settlement, and before this suit was brought— eight years — leads inevitably to the inference that there were no creditors holding unsatisfied claims; and it shows, also, the necessity of allowing the action to be maintained in a proper case without compelling a resort to the expensive process of appointing an administrator *de bonis non.*

This brings us to the consideration of the second question, namely, whether the release of Campbell's heirs released Mills from his obligation on the bond. The bond was for the sum of five hundred dollars, and was signed by Campbell and Mills as sureties. The suit was instituted against Matson, as administrator of the principal in the bond, and Mills and the heirs of Campbell, deceased. Campbell's heirs filed a demurrer to the petition, which was sustained by the court on the ground that they were not liable. Whether the court decided rightfully or wrongfully is not before us for review. It is certain that the judgment on the demurrer has the effect of absolving them from liability. After the decision on the demurrer, the suit was dismissed as to Campbell's heirs, the petition was amended, and the proceedings conducted against Matson and Mills, an assessment of damages had, and judgment rendered for the full amount of the penalty on the bond. There is an allegation of total insolvency as to Matson in his representative capacity, which is not denied; and if the judgment is permitted to stand, Mills will be compelled to pay the whole amount. At law, a technical release of one party is a release of all; but the rule is otherwise in equity. A release of the principal will always discharge the surety; but one surety may be discharged

without prejudice to an action against the others, to the extent that they would be liable in a suit for contribution between themselves. The discharge of one surety can not be permitted to increase the liability of the others. In cases of joint suretyship, each surety is only bound for a ratable share of the debt. (Routon v. Lacy, 17 Mo. 399; Dodd v. Winn, 27 Mo. 501.) Now Mills' contract only made him liable for half the penalty expressed in the bond, and that liability can not be increased. Had Campbell in his lifetime been sued jointly with him, and had he paid the whole amount, he would have had his remedy against Campbell for contribution. But, by the release, the right of contribution is gone, and it would be unjust to allow Mills to be prejudiced thereby. The judgment against him, by which he is liable to pay the whole amount, is, I think, erroneous. He only contracted to pay one-half, and his undertaking is the full measure of the obligation.

The judgment must be reversed and the cause remanded for further proceedings in conformity with this opinion. The other judges concur.