GREEN v. TITTMAN, *Public Administrator, Appellant.*

Division Two, October 19, 1894.

1. **Probate Court:** PUBLIC ADMINISTRATOR: COLLATERAL ATTACK. An order of the probate court directing the public administrator to take charge of the estate of a decedent, is not collaterally assailable.

2. ———: ADMINISTRATION: PERSONALTY. The personal estate of a deceased person must pass through administration before the heirs will be entitled to their distributive shares.

3. **Administrator**: HEIR: SET-OFF. Neither an heir nor his assignee can offset his distributive share against a judgment in favor of the administrator.

4. ———: ———: ———: INJUNCTION. An injunction will not, in such case, lie to prevent the collection of the judgment.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

REVERSED.

The defendant Tittman, being public administrator of the city of St. Louis in the year 1888, was ordered by the probate court to take charge of Mrs. Garrison's estate. The only asset of the estate consisted of the amount due Florence from her trustee Branch, which, at the time, was somewhat over $20,000. The public administrator after having taken charge of the estate, pursuant to the order of the probate court, made demand upon the trustee for the payment of the amount aforesaid, and, payment not having been made in response to his demand, the administrator brought an action in the circuit court of the city of St. Louis upon the trustee's bond, against Branch as principal, and Brown and plaintiff Green as sureties.

No service was obtained by the sheriff upon Branch or Brown. Green, having been served with process, appeared and filed his answer, which consisted, *first*, of a general denial, and, *second*, of a plea that prior to the commencement of the action Branch, as trustee, had accounted for and paid over to said Florence, and to her estate, all sums of money due from him by reason of his relation to her as trustee.

This action on the bond, having been brought to trial, resulted in a judgment in favor of Tittman, as administrator, and against Green, for $21,200.36. From the judgment of the circuit court, Green took an appeal to this court, where the judgment was affirmed.

The report of the case will be found in the 108 Mo., page 22.

A mandate having been sent from this court to the circuit court, Mr. Green paid the court costs and called upon counsel for Mr. Tittman and paid them five ninths of the judgment, which five ninths then amounted to $13,613.8, but declined to pay the balance thereof, assigning as a reason that, on or about December 30, 1885, shortly after Florence's death, Branch, the trustee, had paid Joseph W. Crookes, one of her brothers, more than the full amount of his distributive share of her estate, and that Edward Crookes, the other brother, had sold and assigned all of his interest in the estate to the firm of Mathews & Whitaker, and that, by subsequent conveyances, he, Green, had become the owner of that interest. The administrator claiming the right to collect the entire judgment, an execution was issued for the balance thereof, whereupon the plaintiff brought this proceeding to enjoin its collection. The circuit court entered a decree perpetually enjoining the collection of the balance of the judgment, and from this decree defendant appeals.

*Rassieur & Schnurmacher* for appellants.

(1) Upon the death of Mrs. Garrison her personal assets passed to her administrator and it was his duty to collect the same. No one but he possessed authority to do so. The next of kin could only obtain their distributive shares through him. *State to use v. Fulton,* 35 Mo. 323; *State ex rel. v. Moore,* 18 Mo. App. 406; *Boeger v. Langenberg,* 42 Mo. App. 7; *Becraft v. Lewis,* 41 Mo. App. 546. (2) The court should have disregarded all proof of payment to Joseph W. Crookes or Edward Crookes, distributees of Florence Garrison, made in 1885 and in 1886, because it appeared that, in

the original suit of *Tittman v. Green,* a plea of payment was made by Green. This matter was, therefore, *res adjudicata. Kelly v. Hurt,* 74 Mo. 561. (3) Since it was the administrator's duty to institute suit for the recovery from Branch and his sureties of the full amount of Branch's indebtedness to Florence Garrison's estate, he was entitled to collect the same when recovered.

*Lee & Ellis and Joseph S. Laurie* for respondent.

(1) Mrs. Garrison owed no debts; consequently when she died no person had any interest in her estate, except the parties who, under the statute of descents and distributions, became entitled to receive the same as her heirs at law. In such case administration may be dispensed with, and, further, where the distributees of an estate have received, or are in possession of the personal property to which they are entitled, an administrator subsequently appointed will not be permitted to recover the same, if there were no debts or if all the debts have been paid. *Wright v. Robinson,* 94 Ala. 479; *Fretwell v. McLemon,* 52 Ala. 124; *Holzman v. Hibben,* 100 Ind. 338; *Salter v. Salter,* 98 Ind. 522; *Begin v. Freeman,* 75 Ind. 398; *Lewis v. Lyons,* 13 Ill. 117; *McCleary v. Menke,* 109 Ill. 294; *Woodhouse v. Phelps,* 51 Conn. 521; *Robinson v. Simmons,* 146 Mass. 167; *Rapp's Estate,* 12 Pa. Co. Court Rep. 609. (2) Appellant's contention of estoppel is not well taken. *Powell v. Palmer,* 45 Mo. App. 236. (3) The equities of the case are with respondent. *Duke v. Harper,* 60 Mo. 51; *Pike v. Martindale,* 91 Mo. 268.

SHERWOOD, J.—The public administrator having been duly ordered by the St. Louis probate court to take charge of the estate of Florence Garrison, deceased, such appointment is a valid one and can not be ques-

tioned nor attacked collaterally. *Wetzell v. Waters*, 18 Mo. 396; *Headlee v. Cloud*, 51 Mo. 301; 1 Woerner's Am. Law of Administration, sec. 180.

This being the case, it was the clear duty of the public administrator to do just as he did do, to wit, to proceed to recover judgment and then to collect the residue of that judgment remaining after the first payment made thereon and the refusal of Green to pay the remainder. So that it will be seen that the public administrator was simply moving in the line of strict duty when enjoined from further proceeding by the action of the circuit court. The order requiring him to take charge as public administrator of the estate of Florence Garrison, and his steps taken pursuant thereto, were but the natural sequences and legitimate results and incidents pertaining to the due performance of his duty; he would have been derelict to that duty had he done less.

There are numerous decisions in this state holding that it is absolutely necessary that the personal estate of a decedent pass through administration before the heirs are entitled to their distributive shares, prior to which time an administrator must represent them. *Bartlett v. Hyde*, 3 Mo. 490; *Craslin v. Baker*, 8 Mo. 437; *State to use v. Porter*, 9 Mo. 352; *Leakey v. Maupin*, 10 Mo. 368; *Hastings v. Myers' Adm'r*, 21 Mo. 519; *Naylor's Adm'r v. Moffatt*, 29 Mo. 126; *Hanenkamp's Adm'r v. Borgmier*, 32 Mo. 569; *State to use v. Fulton*, 35 Mo. 323; *Smith v. Denny*, 37 Mo. 20; *Vastine v. Dinan*, 42 Mo. 269; *State ex rel. v. Moore*, 18 Mo. App. 406; *Becraft v. Lewis*, 41 Mo. App. 546; *Boeger v. Langenberg*, 42 Mo. App. 7.

Quotations will now be made from some of the cases already cited. In *Leakey v. Maupin* (10 Mo. 368) Scott, J., said: "To hold that the personal estate on the death of an intestate descended to his heirs, would

be to overturn all our motions in regard to the administration of such property, and would be productive of endless confusion in administering estates, but, even if the right to the personal estate did descend to Maupin immediately on the death of his father-in-law, still it was a mere right. The possession rightfully went to the administrator," etc.

In *State to use v. Fulton* (35 Mo. 323), it was held that heirs could not bring suit on the bond of a former administrator, but the administrator *de bonis non* alone could do so, and that, although the debts were paid, the heirs had no right of action until an order of distribution was made, and only then against the administrator *de bonis non*. This case is approvingly cited on this point in *Vastine v. Dinan, supra.*

In *Smith v. Denny* (37 Mo. 20), the plaintiffs claimed certain slaves as the heirs at law of Rachel Ann Smith, deceased. The bill charges that she died intestate, and that no letters of administration had ever been granted on her estate. WAGNER, J., said: "Upon the death of said Rachel Ann, the property, being personal property, belonged to her administrators, and not the heirs. The appellants, who claim to be the heirs, are proceeding as if it were real estate; but, being purely personal in its nature, there must be an administrator to represent it before an adjudication can be had in court. Personal property must be administered on before the heirs can claim their distribution shares."

On the other hand we have a line of cases announcing the doctrine that, before final settlement, heirs can maintain an action on the bond of the former administrator, and that an order of distribution and the intervention of an administrator *de bonis non* are unnecessary. *State to use v. Campbell*, 10 Mo. 726; *State to use v. Stephenson*, 12 Mo. 180; *State to use v. Morton,*

18 Mo. 54; *State ex rel. v. Matson*, 44 Mo. 305; *State to use v. Thornton*, 56 Mo. 325.

It is not easy to reconcile these two lines of decisions; but, of the latter class, it may be safely said that it does not authorize a suit by the heirs on the bond of a former administrator until there is no danger of further presentation of creditors' demands against the estate. But this was not the condition of the estate in the present case at the time the defendant was placed in charge of it, and, even if it had been, this could not be used to defeat in this collateral way the order of the probate court. None of the authorities cited from this state give countenance to the idea that an heir or any assignee of his, may retain what he deems to be his distributive share of the estate, and, when the administrator recovers judgment and endeavors to collect it, enjoin its collection on the theory advanced by plaintiff in the case at bar.

In truth and in fact, this very injunction proceeding is, after all, but an indirect attack on the order aforesaid of the probate court; but it can not be permitted to prevail, not only for the reasons already given, but also for this additional one. The probate court had jurisdiction of the estate in question, indeed, "over all matter pertaining to probate business, * · * settling the accounts of executors, administrators," etc. R. S. 1889, sec. 3397; *Gentry v. Gentry*, 122 Mo. 202. The estate in this particular instance had not yet been settled; the settlement was still pending before that court, the only appropriate tribunal where it could be settled. In such circumstances as are here presented, we do not believe that another tribunal could rightfully intervene and prevent the probate court from exercising its customary and lawful authority in the settlement of Mrs. Garrison's estate.

Nor, if we could concede as much as that, could

we make the further concession that the unwarranted payment by Branch, the trustee, to Joseph W. Crookes of his distributive share, would be any answer to the action of the public administrator on Branch's bond, or any basis for resisting the collection of a judgment based thereon.

If the probate court has the jurisdiction of the estate under discussion, as already asserted, then that is the *forum* and the only one, possessed as it is of ample powers, in which all matters pertaining to the final settlement and distribution of Mrs. Garrison's estate can be fully and properly adjusted.

In this view it is perhaps unnecessary to pass on the point whether Edward Crookes having assigned his interest in the estate to plaintiff, the latter could successfully resist the collection of a portion of the judgment by the public administrator. Admitting that he could do this, still, under the ruling made in an analogous case, he could not thereby deprive defendant of his lawfully earned commissions. *Wiley v. Robert*, 27 Mo. 388. However, such matters can all be satisfactorily arranged in the probate court.

Holding these views, we reverse the decree of the circuit court. All concur.