FRANKLIN A. McDOWELL, Appellant, v. THE OR-
PHAN SCHOOL OF THE CHRISTIAN CHURCH, Re-
spondent.

**Kansas City Court of Appeals, February 4, 1901.**

**Descents and Distributions: DISTRIBUTEE: ADMINISTRATION.**
Ordinarily but not universally the distributee of personalty takes his
title through the administrator; however, where the ancestor has
been dead for many years without debts, other assets or administra-
tion, his heirs may maintain an action to recover a legacy accruing
to the ancestor. Cases distinguished.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,*
Judge.

REVERSED AND REMANDED.

STATEMENT BY ELLISON, J.

The petition herein was filed July 22, 1898, and less cap-
tion and signatures is as follows:

"Plaintiffs for cause of action against the defendants state
that the plaintiffs, Elizabeth E. Allsup and William T. All-
sup, are husband and wife; and that the said Elizabeth E.
Allsup and Franklin A. McDowell, are the sole heirs of Samuel
McDowell, hereafter mentioned, being the brother and sister
of said Samuel McDowell, who died at the date hereafter stated.
And the plaintiffs further state that Harrison McDowell made
and executed his last will of date the seventeenth day of No-

vember, 1859, which said will is in words and figures as follows:

"'I, Harrison McDowell, of the county of Wyandotte, in the territory of Kansas, make and publish this my last will and testament as follows, to-wit:

"'Item 1. I desire that all my debts be first paid.

"'Item 2. I devise and bequeath to my beloved wife, Cassandra McDowell, all my real and personal estate and things in action, during her natural life, for her support and maintenance, and for the support and maintenance of William Brown, an Indian boy I am now raising, and also of Joseph H. Clark and William Harrison McDowell, my nephews, now residing and living with me, and I give to her, my said wife, the right and power to dispose of any part of my personal or real estate for any of the above purposes.

"'Item 3. I appoint her, my said wife, executrix of this my last will and testament, and that no bond be required of her.

"'Item 4. After the death of my said wife I make the following disposition of the remainder of my estate: ·

"'Item 5. I give, devise and bequeath to William Brown, the Indian boy I am now raising, three thousand dollars, to be taken by him in money or real estate, as he may desire, and a sufficient amount of money to be expended by said wife to give him a good English education.

"'Item 6. I devise and bequeath to Joseph H. Clark, my nephew, now living with me, two thousand dollars, in said real estate, and a sufficient amount of money, to be expended by my wife, to give him a good English education.

"'Item 7. I devise and bequeath to William Harrison McDowell, one of my nephews, the sum of five hundred dollars, with a sufficient sum of money, to be expended by my said wife, to give him a good English education if he shall con-

tinue to reside with my said wife until he arrives at the age, of twenty-one years.

" 'Item 8.   I devise and bequeath to my nephew, Albert Harrison King, five hundred dollars.

" 'Item 9.   I devise and bequeath to each of my nephews, Franklin McDowell and Samuel McDowell, children of my brother Joseph McDowell, two hundred and fifty dollars each.

" 'Item 10.  I devise and bequeath the residue of my estate to said William Brown and Joseph H. Clark and William Harrison McDowell, each an equal interest.

" 'Item 11.   The real estate devised and bequeathed to said William Brown and Joseph H. Clark, shall be appraised and allotted to them at the death of my said wife by commissioners appointed by some competent court for that purpose.

" 'In testimony whereof, I have hereunto set my hand and seal this seventeenth day of November, A. D., 1859.

" 'Harrison McDowell.'

"And the plaintiffs further state that Harrison McDowell died in the month of December, 1859; that at the time of his death, and for many years prior thereto, the said Harrison McDowell lived, resided and had his mansion house in the county of Wyandotte, in the territory of Kansas, and was a citizen of said territory; that said will was duly and properly proved and admitted to probate by the probate court of said county of Wyandotte, territory of Kansas, on the twelfth day of January, 1860, which said probate court was a court of record and had original and exclusive jurisdiction throughout said county in all matters relating to the probate of wills, granting letters testamentary and of administration and the settlement and distribution of the estates of deceased persons; that the said probate court, at the same time duly appointed the said Cassandra McDowell executrix of said last will and

testament, and thereupon the said Cassandra McDowell qualified and took upon herself the burden of executing such trust: that thereafter, and in the year 1862, the said Cassandra McDowell moved to the state of Missouri, and from then to her death, as hereafter stated, was a resident and citizen of the city of Kansas, county of Jackson, and state of Missouri; that on the nineteenth day of February, 1875, there was duly filed in the probate court within and for the said county of Jackson and state of Missouri a duly authenticated copy of said will and the probate thereof, which said will was then and there admitted to probate by the said last-named probate court; and that on the twelfth day of June, 1875, a copy of said will and the said probate thereof, all duly certified, was duly recorded in the office of the recorder of deeds in and for said county of Jackson and state of Missouri.

"And the plaintiffs further state that said Harrison McDowell, the said testator, died the owner of and in possession of the following real estate in the city of Kansas, county of Jackson, and state of Missouri, that is to say: twenty feet from front to rear of the south side of lot number seven, and twenty feet from front to rear of the north side of number eight all in block number nine in McDaniel's addition to the said city of Kansas, now Kansas City.

"And the plaintiffs further state that said Cassandra McDowell, with the means and other property so as aforesaid devised to her, erected upon said two parcels of land two three-story brick buildings, and received and collected the rents arising therefrom during the remainder of her life; that the said two parcels of land and the buildings thereon are of the present value of thirty thousand dollars; that said Cassandra McDowell died intestate on the seventeenth day of March, 1894; that she died insolvent, leaving no property of any kind or character; that the parcels of land and buildings thereon before described

constitute the only property devised by said Harrison McDowell to said Cassandra, not sold by her during her lifetime under the power and for the purposes in said will set forth.

"And the plaintiffs further state that the defendant, the Orphan School of the Christian church of Missouri, a corporation organized under the laws of this State, is now and for three years last past has been in the possession of said two parcels of land and the buildings thereon, and during all that time has received the rents arising therefrom; that the said defendant is in possession of said property claiming to own and to have acquired by sundry deeds all of the right, title and interest of William Brown, Joseph H. Clark and Harrison McDowell, being the same persons named as devisees and legatees in said will thereto and therein; that said defendant and its grantors have paid all of the legacies in said will named, save and except the legacy of five hundred dollars given by said will to Albert Harrison King and the legacy of two hundred and fifty dollars given by said will to Samuel McDowell, both of which legacies remain wholly unpaid.

"And the plaintiffs further state that said Albert Harrison King died intestate after the death of said testator but before the death of said Cassandra McDowell; that the legacy so as aforesaid given to said Albert Harrison King has never been paid, and that his heirs are interested in the subject-matter of this petition to the extent that they are entitled to receive the said legacy; that the names of said heirs can not be inserted herein because the said heirs, their names and places of residence are unknown to the plaintiffs.

"And the plaintiffs further state that said Samuel McDowell died intestate in the year 1865, leaving no debts unpaid and leaving no property other than the claim sued on in this action, and leaving no heirs except these plaintiffs who are and were at the time of the death of said Samuel McDowell of full

legal age, as before stated, and by reason of all which the said plaintiffs have succeeded to the right to have and recover said legacy so given to said Samuel McDowell.

"And the plaintiffs further state that the said parcels of land and the buildings thereon constitute the only property chargeable with the payment of said unpaid legacies.

"Wherefore the plaintiffs pray that said parcels of land may be declared charged with the payment of the said $250 legacy and the accrued interest thereon; that the plaintiffs have judgment for said $250 with interest thereon from the seventeenth of March, 1894, the date of the death of said Cassandra McDowell, and that the said property be sold for the payment of said sum and the said accrued interest, and for such other and further relief as the plaintiffs may be entitled to in the premises."

*F. M. Black, Moore & Kelly* for appellants.

(1) The old doctrine of the common law that an administrator takes the personal property of the intestate in absolute ownership does not, and never did obtain in this State. Here the administrator is but a trustee with his power defined by statute. He holds the property in trust, first for the creditors and second for the heirs of the deceased. Smarr v. McMaster, 35 Mo. 349; Stagg v. Linnenfelser, 59 Mo. 342; Chandler v. Stevenson, 68 Mo. 450. (2) It follows from this trust relation that when there are no debts the administrator is simply a dry trustee for the distributees of the deceased. Accordingly, it has been held, in many cases, that the heirs of a deceased person, if of age, may pay off the debts of the deceased and distribute the effects among themselves as they see fit, and in such a case there should be no administration granted. In such a case the heirs take good and perfect title to the prop-

erty, both at law and in equity. McCracken v. McCaslin, 50 Mo. App. 85, and the numerous cases there cited. (3) For like reasons it is held in many cases that where there are no debts and no administration, the heirs and distributees may sue in equity in their own names and recover personal effects and debts due to the deceased. Under such circumstances they may go into equity for distribution. Ricks v. Hilliard, 45 Miss. 359; Watson v. Byrd, 53 Miss. 480; Carter v. Owens, 41 Ala. 217; Glover v. Hill, 85 Ala. 41; Hudson v. Wallace, 1 Rich. Eq. (S. C.), 1; Akin v. Akin, 78 Ga. 24; Roberts v. Messinger, 134 Pa. St. 298; Foote v. Foote, 61 Mich. 181; Cooper v. Davison, 86 Ala. 367.

*Yeager, Strother & Yeager* for respondent.

(1) Both at law and in equity, the whole personal estate of a decedent vests in the executor or administrator, and not in the heirs, and the executor or administrator is the only proper party to enforce the rights of the decedent to personalty. Brueggeman v. Jurgensen, 24 Mo. 87; Smith v. Denny, 37 Mo. 20, 23; Hellman v. Wellenkamp, 71 Mo. 407; Green v. Tittman, 124 Mo. 372, 376; State ex rel. Hounsom v. Moore, 18 Mo. App. 406, 410, 411; Becraft v. Lewis, 41 Mo. App. 546, 552; Adey v. Adey, 58 Mo. App. 408, 409, 410. (2) The right to a distributive share of the personal estate of a decedent is a chose in action which, upon the death of the distributee before its receipt, vests in the executor or administrator of such distributee. Leakey v. Maupin, 10 Mo. 368, 373; Hart v. Leete, 104 Mo. 315, 330; Crickett v. Dolby, 3 Vesey 13 and note.

ELLISON, J.—It will be observed that the petition charges that Harrison McDowell died in 1859. That by his

will he left to Samuel McDowell $250.    That afterwards, in 1865, Samuel McDowell died leaving plaintiffs as his only heirs and leaving no debts and no assets except the legacy of $250.

A demurrer was sustained to the petition.    The ground of the demurrer is that the title to the money willed to the ancestor of these plaintiffs did not pass to plaintiffs as heirs on the death of the ancestor, but that it will vest in an administrator if one shall be appointed and remain in abeyance until such appointment.

We held in Becraft v. Lewis, 41 Mo. App. 546, and State ex rel. v. Moore, 18 Mo. App. 406, that, in this State: "It is fundamental law, *first,* that on the death of any one leaving property, the administrator takes the *title* to the personalty, while the heir takes the title to real estate; *second,* the heir or devisee of personal property can only secure the title through administration.    And this is true though there are no debts, and the heir be the sole distributee."    And in Green v. Tittman, 124 Mo. 372, where all the principal authorities in this State are cited, it was said that: "There are numerous decisions in this State holding that it is absolutely necessary that the personal estate of a decedent pass through administration before the heirs are entitled to their distributive shares, prior to which time an administrator must represent them."

Yet, notwithstanding this well-established rule of law, and notwithstanding the broad language used in stating it in the cases cited, we know that necessarily (under our system) the administrator is not the *absolute* owner of the personalty and that after all, his intervention is not *always* essential under *all* circumstances:    Smarr v. McMaster, 35 Mo. 349; Chandler v. Stevenson, 68 Mo. 450.    For instance, where there are no debts and the heirs are of age and willing, there may be a domestic partition, without an administrator having been ap-

pointed.   McCracken v. McCaslin, 50 Mo. App. 85.   This is recognized in State ex rel. v. Moore, supra.   In State ex rel. v. Matson, 44 Mo. 305, it was held that the debts being paid, the heirs could maintain an action against the administrator for money in his hands, though no order of distribution had been made.   That if there were no debts left unpaid the heirs had a vested legal interest.   In State to use v. Thornton, 56 Mo. 325, the same rule was stated.   In that case an administrator was appointed.   He made an annual settlement showing money in his hands and then left the State.   It was held that the heirs, on proof that there were no debts, could maintain an action for their distributive shares without the appointment of an administrator *de bonis non*.   The case of Green v. Tittman, supra, is not an authority in favor of defendant's demurrer.   It upholds against collateral attack the order of the probate court, appointing an administrator; and it approves of the administrator's effort in that case to collect the personal estate.   But, after giving a statement of judicial decisions in this State on the respective rights of administrator and heir, that case rather intimates that after there is no longer any danger of creditors' demands being presented, the heir might maintain an action.   In other States, upon a showing that there are no debts outstanding, an action can be brought by the heirs without an administrator having been appointed.   Ricks v. Hilliard, 45 Miss. 359; Glover v. Hill, 85 Ala. 41; Akin v. Akin, 78 Ga. 24; Roberts v. Messinger, 134 Pa. St. 298; Foote v. Foote, 61 Mich. 181.

In this case the petition stated that there were no debts against the estate of Samuel McDowell, plaintiffs' ancestor, and that he died *thirty-five years ago*.   We are satisfied that in the condition and circumstances stated in the petition, the action was well brought and the demurrer should have been overruled.   It is beyond the range of probability that any

debts could now exist against the estate. In State ex rel. v. Matson, supra, the court said: "The length of time that elapsed after the making of the settlement, and before this suit was brought—eight years—leads inevitably to the inference that there were no creditors holding unsatisfied claims; and it shows, also, the necessity of allowing the action to be maintained in a proper case without compelling a resort to the expensive process of appointing an administrator *de bonis non.*" It will be found that in about all the authorities in this State holding that the title to personalty was so absolutely vested in the administrator as to disable the heir from maintaining an action for it, the consideration of there being *no indebtedness* did not figure.

In the cases of State v. Fulton, 35 Mo. 323, and Vastine v. Dinan, 42 Mo. 269, it is said, broadly, that no action can be maintained by the heir against the administrator until an order of distribution has been made. That is ordinarily the rule, but it is necessary to limit the broad language there used. Unless limited, those cases must be held to be opposed to the later case of State to use v. Thornton, 56 Mo. 325. In State ex rel. v. Moore, 18 Mo. App. 406 and especially in Becraft v. Lewis, 41 Mo. App. 546, as well as in some of the earlier cases in the Supreme Court there are expressions which, disassociated from the points decided, support the ruling of the trial court in this case. Those cases state the rule of law as ordinarily applied to cases generally. But, as before intimated, the right of the heir to personal property can be asserted, in exceptional cases, without the aid of administration. The administrator's title is representative rather than absolute. His estate is merely *"in autre droit."* Schouler's Executors and Administrators, sec. 242.

We therefore hold that in instances, as in this case, where no administration has been had and such number of years

have elapsed since the ancestors' death to make it beyond any reasonable probability that there can be any outstanding debts, the heir may, on proper proof, maintain his action for personal property inherited. The judgment must therefore be reversed and the cause remanded. All concur.