State to use of Ingram v. Rankin & others.

---

### STATE TO USE OF INGRAM v. RANKIN AND OTHERS.

*The 63 and 64, sec. of the Administration Act of '25, was not intended to give exclusive jurisdiction to the county ct. in relation to enforcing a distribution among distributees.—Where the records of the county court show that all debts have been paid,—that the amount of the property is ascertained, and three years have elapsed since admn. was granted, a distributee may maintain his action of debt in the cir. ct. against the admr. or his securities.*

Opinion of the court delivered by McGirk J.

Statement of the case.

The State of Missouri to the use Henry Ingram, brought an action of debt on an administration bond, against the defendants as securities of one Thomas Ingram deceased. The record shows that after the payment of all debts, it appeared by the records of the county court of St. Louis county, that there remained in the hands of the administrator, about $14000, after the payments of all debts, to be divided among the distributees of the effects of the deceased; and although three years had elapsed and passed away since administration granted to said Thomas Ingram, yet he had not and would not pay to said Henry, being a distributee, his share of the said sum of money, though he was expressly required by said Henry to do so, after the said three years had expired as aforesaid. On a

JUNE TERM
1836.

State to use of
Ingram
v.
Rankin & others.

Opinion of the
court.

demurrer, the circuit court of St. Louis county, gave judgment for the defendants against the plaintiff's right to recover in this action; the cause is brought here by a writ of error.

The counsel for the defendants in error contend, that by a view of 63d and 64th sections of the administration act of 1825, it is clear the circuit court has no jurisdiction of the matter of enforcing a distribution among distributees, but that subject entirely belongs to the county court. On the other side, the argument in part is, that by the general law of the land, an action at law will lie for one man against another, whenever that other has his money in his hands, and has no longer any right to keep it, unless there be some express authority of the law to justify such person to keep it longer. Let us now look back to the provisions of the statute—it is enacted by the 30th section of the act, that all demands against the estate of a deceased person, shall be presented to the extr. or administrator within three years from the date of the letters of administration &c. and if they are not, they shall be forever barred. The 63rd section, provides that executors and administrators shall not be compelled to make distribution or pay legacies, specific legacies, excepted under one year from the date of the letters, nor shall they be compelled at any time within three years, to pay legacies or make distribution, unless ordered by the court, and until bond and security be given by the distributee or legatee, to refund the due proportion of any debt which may afterwards appear against the estate if exhibited within three years as aforesaid. Then the 64th section provides that if on any settlement, it shall appear that there are sufficient moneys to satisfy all demands against the estate, the court shall proceed to order the payment of legacies and distribution of shares in the same manner as in the case of debts; and the payment of legacies and distributive shares may be enforced by attachment or execution as the case may require. Section 66 provides, that when the distribution in kind cannot be made, the court may order a sale. The counsel for the defendants contend, that by the 64th sect. the county court alone can enforce the administrator to make distribution. We do not agree to this doctrine, there are no exclusive words in the statute.

The 63 and 64 sec. of the Administration Act of ʼ25, was not intended to give ex-

We cannot see any necessity to take away the common law right of the party to sue in the circuit court, especially when all the debts are paid, all demands barred, as this record shews; why compel the plaintiff to go into

the county court, his demand is ascertained, and the share becomes a charge upon him personally? If the administrator were living, we would say delay is his object, but as these defendants are only securities, it is right for them to make whatever defence they deem lawful. The judgment of the circuit court is reversed with costs. The cause is remanded, and the court is required to overrule the demurrer of the defts. and to proceed with the cause.

...clusive jurisdiction to the county ct. in relation to enforcing a distribution among distributees. Where the records of the county court show

Tompkins J.—I do not concur in this opinion.

that all debts have been paid,—that the amount of the property is ascertained, and three years have elapsed since admn. was granted, a distributee may maintain his action of debt in the cir. ct. against the adm'r. or his securities.