State to use Kelley, et al. v. Thornton, et al.

————o————

STATE OF MISSOURI to use of MARCELLA KELLEY, *et al.*, Defendant in Error, *vs.* JOHN F. THORNTON, *et al.*, Plaintiffs in Error.

1. *Administration—Practice, civil—Parties—Action on administrator's bond—Distributees may sue jointly, before order of distribution.*—Before an order of distribution is made, those entitled to distribution have a common interest in the fund, and in an action against the sureties on the administrator's bond they may properly be joined as plaintiffs to prevent a multiplicity of suits.

2. *Administrator's bond—Sureties—Distributees may maintain action before final settlement.*—Where the administrator has failed to distribute funds in his hands according to law and has been removed, where there are no debts due by the estate persons entitled to distribution may bring suit on the administrator's bond without the appointment of an administrator *de bonis non* and before a final settlement.

### Error to St. Louis' Circuit Court.

*Jecko & Hospes,* for Plaintiffs in Error.

I. Plaintiffs have no interest in common in the cause of action sued on. Each is entitled to a part of the money, in his own right, and not entitled to the entire sum jointly with the others.

II. There never having been a final settlement of the administration, and no administrator *de bonis non* having been appointed, no action will lie on the bond.

*Alex. J. P. Garesche,* for Defendants in Error.

I. Until there was an order of distribution plaintiffs had a joint interest, and that should be a sufficient answer. Moreover, suits by all prevents a multiplicity of suits. (Oliver v. Crawford, 18 Mo., 263 ; Devore v. Pitman, 3 Mo., 180 ; State to use of Adams vs. Campbell, 10 Mo., 726 ; State to use of Collins vs. Stephenson, 12 Mo., 181 ; Dillons' Adm'r vs. Bates,

39 Mo., 300 ; State to use of Midgett vs. Matson, 44 Mo., 305; Wagn. Stat., 1001, § 6 ; Lane vs. Dobyns, 11 Mo., 106.)

II. It was not necessary that there should have been a final settlement. (State to use of Ingram vs. Rankin, 4 Mo., 427; State to use of Darland vs. Porter, 9 Mo., 356 ; State to use of Midgett vs. Matson, 44 Mo., 305.)

ADAMS, Judge, delivered the opinion of the court.

This was an action by the relators as distributees of the estate of Michael Nolan, deceased, against the defendant as surety of Christopher J. Caffrey on his bond as administrator.

The record shows that on the 10th day of December, 1864, Michael Nolan died intestate, leaving the relators as his only heirs at law and distributees of his estate. That on the 13th day of December, 1864, the said Caffrey was appointed administrator of his estate by the St. Louis Probate Court and filed his bond in the usual form with the defendant as one of his sureties. On the 28th day of March, 1868, Caffrey made his annual settlement, from which it appeared that there was in his hands, as administrator, the sum of twenty-six hundred and fifty-five 84-100 dollars. Caffrey then left the State; and at the December Term, 1869, the Probate Court revoked his letters. No administrator *de bonis non* was appointed, and no further orders or proceedings were had in the Probate Court, either in the way of an order of distribution or of any kind.

On the 19th day of May, 1871, the relators commenced this action upon the administrator's bond, alleging as a breach, that the administrator failed and refused to pay the sum, shown by said settlement to be in his hands, to the relators. The petition alleges the foregoing facts, and also alleges, that more than two years had elapsed before the commencement of the suit and after the granting of the letters of administration ; and that no debts or demands exist against the estate. The answer is a general denial. At the trial, the facts as alleged were established by the evidence, and the court gave judgment for the plaintiff. The defendant moved in arrest, which be-

ing overruled, he appealed to the General Term, where the judgment at Special Term was affirmed, and he has brought the case here by writ of error.

1. The first point presented for our consideration is, that the relators cannot maintain this action, because their interest is not joint, but several, in the common fund, and therefore, each must bring a separate action. .

There has been no order of distribution and no separation of their respective interests in the joint fund. They therefore have a common interest in the subject matter of the suit, and it was proper they should have been joined as relators to prevent a multiplicity of suits. The State is the plaintiff, and when the fund is collected, the relators can divide it among themselves according to their respective rights therein. Whether, after an order of distribution, a several or joint suit might be maintained, it is unnecessary to decide. As there was no such order, the distributees could certainly join in the suit as relators. (See 2 Wagn. Stat., 1000, §§ 4, 6.)

2. The only remaining point raised by the defendant's counsel is, that there had been no final settlement and no administrator *de bonis non* appointed, and therefore no action will lie on the administrator's bond. This objection is not well taken. The petition and proof show that there were no debts or demands against the estate, and therefore there was no necessity for the appointment of an administrator *de bonis non*. Distributees may maintain an action on an administrator's bond before final settlement. The facts of this case show a breach of the bond, and that the distributees are the only parties entitled to the fund in the hands of the administrator; and they are therefore the only parties who can maintain the action as relators. (State *ex rel.*, Adams vs. Campbell, 10 Mo., 726; State *ex rel.*, Collins vs. Stephens, 12 Mo., 181; State *ex rel.*, Midgett vs. Matson, 44 Mo., 305; State *ex rel.*, Darland vs. Porter, 9 Mo., 356.)

Judgment affirmed; Judge Wagner absent. The other judges concur.