MOREHOUSE, *Administrator de bonis non*, v. WARE *et al., Appellants.*

1. **Administration:** LIABILITY OF DELINQUENT ADMINISTRATOR. Where no final settlement has ever been made, an administrator *de bonis non* may maintain an action against a former administrator, who has failed to comply with an order of distribution, to recover the amount due the distributees.

2. **Instructions.** In the absence of evidence in the record showing that counsel were surprised, this court will not consider declarations of law offered after the announcement of the decision of the trial court.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*Edwards & Ramsay* for appellant.

*Ira K. Alderman* for respondent.

HOUGH, C. J.—On the 13th day of December, 1876, John H. Ware, administrator *de bonis non* of the estate of Mathew Massengale, was removed, and the public administrator was directed to take charge of said estate. Thereupon said public administrator filed a petition in the probate court under section 67, 1 Wagner's Statutes, page 82, praying the court to ascertain the amount of money, the quantity and kind of real estate, personal property and all the rights, credits, deeds, evidences of debt and papers of every kind of said estate in the hands of the said John H. Ware, as such administrator, at the time of the revocation of his letters aforesaid, and to order and adjudge the rendition of the same to the petitioner, and for judgment against said John H. Ware and against Hansen H. Ware and James Burnett, his sureties, for the amount of money found to be in the possession of said John H. Ware at the time of the revocation of his letters of administration, and for all other

proper orders and decrees in the premises. A copy of the petition was duly served upon John H. Ware and Hansen H. Ware, but not upon Burnett, and as to him no further proceedings were had. John Ware and Hansen Ware filed an answer setting up that said estate had been fully administered, and that John Ware, administrator, had made final settlement thereof on the 13th day of February, 1866, and had been discharged by the probate court. They also pleaded the statute of limitations, but it will be unnecessary to notice this plea. The probate court found that at the time of the revocation of the letters of said Ware, administrator, there remained in his hands of the property of the estate of said Massengale the sum of $4,704.07, and rendered judgment against him and Hansen Ware, his surety, for said amount. The defendants appealed to the circuit court, where the case was tried anew, and judgment was rendered in favor of the plaintiff for the sum of $1,-692.96, and the defendants have appealed to this court.

It appears from the record that the administrator made three annual settlements, and gave notice, the sufficiency of which is questioned, that he would, at the February term, 1866, make final settlement of said estate, and on the 13th day of February, 1866, he filed a statement of his accounts as administrator, neither signed by himself nor by any one for him, upon which no action appears to have been taken by the court, and no order made discharging him. In 1863 the probate court ordered the defendant to make distribution of the funds in his hands among the heirs of the deceased, without ascertaining who they were, or what were their respective shares. In 1864 a similar order was made. The testimony is conflicting as to whether payment was made by the administrator in pursuance of said order. It is conceded that the debts have all been paid. Five of the eleven children of the intestate died after his decease, leaving as their descendants seventeen children, and to these grand-children of the intestate, the

administrator admits he never paid anything, because he did not recognize them as heirs.

The principal question in the case is, whether the public administrator can maintain this proceeding, or whether the right of action is solely in the heirs. The appellants contend that after the orders of distribution shown by the record, were made, the right to sue for the money directed to be, distributed, was vested solely in the heirs. Numerous cases cited by counsel for appellants give a right of action to distributees, but the decisions are not uniform as to when such right accrues, nor is it the doctrine of this court that such right is exclusive.

1 ADMINISTRATION: liability of delinquent administrator.

In the case of the *State v. Campbell*, 10 Mo. 24, it was held that an heir or distributee might sue the administrator for a failure to account for money received by him, as soon as the failure occurred, although no order of distribution or final settlement had ever been made. The case of the *State v. Morton*, 18 Mo. 53, is to the same effect. In the case of the *State to use, etc., v. Fulton*, 35 Mo. 305, it was held that when an administrator dies or is removed before final settlement, the administrator *de bonis non* can alone sue for the assets unadministered; and that although the debts be paid, the heirs have no right of action until distribution is ordered. The case of *Vastine v. Dinan*, 42 Mo. 269, decides that the heirs have a right of action when the debts have been paid and distribution ordered. In the *State ex rel. Midgett v. Watson*, 44 Mo. 305, it was held that the heirs can sue, although no order of distribution has been made, if the debts have all been paid and there has been a final settlement. In the *State to use of Kelley v. Thornton*, 56 Mo. 325, it was held that when the debts have been paid, the distributees may sue, although there has been no order of distribution and no final settlement, and that there is no necessity for the appointment of an administrator *de bonis non*. It had been previously held in the *State v. Farmer*, 54 Mo. 439, that an administrator *de bonis*

*non*, when appointed, has the right to sue for and collect the assets for the purpose of properly distributing them.

In *Scott v. Crews*, 72 Mo. 261, it was expressly decided that notwithstanding the previous decisions of this court giving a right of action to the distributees when the debts have all been paid, the probate court may in such case appoint an administrator *de bonis non*, and such administrator may institute a proceeding, under section 67, *supra*, against an administrator whose letters have been revoked, or he may maintain an action upon the bond of such removed administrator. Nor does the fact that an order of distribution has been made oust the jurisdiction of the probate court to appoint an administrator *de bonis non*. Until such order has been complied with and the heirs have been paid, the estate is not fully administered. So that, if we concede the orders directing the defendant to pay the money in his hands to the heirs to be sufficient as orders of distribution, the present proceeding may be maintained. The circuit court found in the case before us, that there were assets in the hands of the administrator, Ware, at the time of his removal, which had not been distributed, and there was testimony to support this finding. The evidence shows clearly that no final settlement had ever in fact been made by Ware. The filing of an account cannot, of itself, constitute a settlement. A settlement is the act and judgment of the court, of which there must be some record. *Benson v. Harrison*, 39 Mo. 302.

The instructions presented by counsel to the court after its decision was announced, cannot be reviewed by us. 2. INSTRUCTIONS. They were not presented in time. It is fairly inferable from the record that counsel were present in court when the judge announced his opinion and rendered judgment in the cause, and they should have presented their declarations of law before the cause was decided. No surprise of counsel, or refusal of the court to hear them appears in the record.

The judgment is affirmed. The other judges concur.