92 419
34a 359
92 419
39a 567
92 419
144 453
92 419
d166 425

THE STATE *ex rel.* FAGAN *et al., Appellants,* v. GRIGSBY *et al.*

1. **Administration:** EXECUTOR: DAMAGES FOR BREACH OF BOND: STATUTE: PRACTICE. Under section 290, of the Revised Statutes of 1879, an action at law upon an executor's bond, for damages for breach of the conditions, in not having made a settlement as required by law, or for not having accounted for, or paid, to plaintiffs, as residuary legatees, the legacies, under the provisions of the will, may be maintained in the first instance, and, in order to do so, it is not necessary that the executor should have assented to the legacies, nor are the legatees restricted to an action in the probate court, or compelled to resort to a court of equity to charge the executor as trustee, in order to recover their legacies.

2. ——: ——: WILL: LIMITATIONS: PRACTICE. When all the trusts of a will have been executed, except the application of assets in the hands of the executor to the discharge of residuary legacies, the right accrues to the residuary legatees to institute an

action at law, upon the bond of the executor, for failure to discharge such legacies to the extent of the assets in his hands applicable thereto, and the statute of limitations begins to run from the time the right of action accrues.

3. ———— : ———— : ———— : ————. Such action, commenced twenty-two years after the right to institute it had become complete, held barred by the statute of limitations.

*Appeal from Cedar Circuit Court.*—Hon. Noah M. Givan, Judge.

Affirmed.

*Cockrell & Suddath* for appellants.

(1) An administrator is the trustee of an express trust, in whose favor the statute of limitations does not commence to run until there is some denial of the trust. *Ruby v. Barnett*, 12 Mo. 3; *Smith v. Ricords*, 52 Mo. 581; *Ricord v. Watkins*, 56 Mo. 553; *Keeton v. Keeton*, 20 Mo. 530; *Butler v. Lawson*, 72 Mo. 227. (2) The statute commences to run in favor of an administrator and his sureties from the time of final settlement, or judicial ascertainment of the administrator's liability. *State v. Blackwell*, 20 Mo. 97; *Tapley v. McPike*, 50 Mo. 592; *Swindersure v. Mescally*, 1 Bailey [S. C.] Ch. 304; *Backestoss v. Commonwealth*, 8 Watts [Pa.] 286; *Bonner v. Young*, 68 Ala. 35; *Adams v. Jones*, 68 Ala. 117.

*Wm. H. Brinker* and *Geo. P. B. Jackson* for respondents.

(1) There was a misjoinder of parties. R. S., secs. 3464–5–6; *State ex rel. v. Hesselmeyer*, 34 Mo. 78; *Ryan v. Riddle*, 78 Mo. 521. (2) The cause of action was barred by limitation. R. S., secs. 290, 3229. The heirs could sue at any time after the debts were paid, without waiting for final settlement or order of distribution; and

the right of action accrued as soon as the executor failed to pay over money in his hands. *State ex rel. v. Campbell*, 10 Mo. 724; *State ex rel. v. Stephenson*, 12 Mo. 181; *State ex rel. v. Morton*, 18 Mo. 71; *State ex rel. v. Matson*, 44 Mo. 305; *State ex rel. v. Flynn*, 48 Mo. 417; *State ex rel. v. Thornton*, 56 Mo. 325; *Scott v. Crews*, 72 Mo. 266; *Morehouse v. Ware*, 78 Mo. 102; *State ex rel. v. Roeper*, 82 Mo. 63. And such suit upon the executor's bond is barred in ten years. *Martin v. Knapp*, 45 Mo. 48; *State ex rel. v. Pratte*, 8 Mo. 286. (3) Although the executor was a trustee, and was subject to the jurisdiction of courts of equity, yet the statute provides a remedy at law. R. S., sec. 290. And where there are concurrent remedies at law and in equity, courts of equity adopt and apply the bar of the statute of limitations. *Kane v. Bloodgood*, 7 Johns. Ch. 90, 110; *Keeton v. Keeton*, 20 Mo. 530; *Johnson v. Smith*, 27 Mo. 591; Angell on Lim., sec. 170. In this state, the statute applies to suits in equity. *Rogers v. Brown*, 61 Mo. 187. (4) The trustee holds the fund adversely, if he retains it after the time at which the purpose of the trust requires him to pay it over. Angell on Lim., sec. 176; *Taylor v. Kilgore*, 33 Ala. 214. (5) The rule that a trust is not within the statute is subject to the exception, that there must be no circumstances to raise a presumption, from lapse of time, that the trust has been extinguished. Wood on Lim., sec. 213; Angell on Lim., sec. 174, note 1, and sec. 176. And it must be a continuing trust, exclusively within the jurisdiction of a court of equity. Angell on Lim., sec. 178; Wood on Lim., sec. 200.

BRACE, J.—This action was commenced in the circuit court of Johnson county, on the eleventh day of January, 1884, by plaintiffs, who claim as legatees, under the will of Bayless B. Grigsby, deceased. The petition states, in substance, that Bayless B. Grigsby died

about October 1, 1856, in Johnson county, Missouri, leaving a will, which was duly probated October 31, 1856; that, by said will, defendant, Wm. F. B. Grigsby, was appointed executor, and directed to sell all the property, real and personal, to pay himself five thousand dollars, and distribute the remainder among the heirs of said decedent, in accordance with the laws of descent and distribution in the state of Missouri; that, in November, 1856, letters testamentary were duly issued to said defendant, W. F. B. Grigsby, and, thereupon, said W. F. B. Grigsby, as principal, with John D. Smith, William Calhoun, and defendant, Wm. H. Anderson, as sureties, executed their bond (a copy being filed) in the usual form, in the sum of forty thousand dollars, conditioned for the faithful execution of said will and paying over of money, etc., by said W. F. B. Grigsby; that said bond was duly approved, and that the surety, John D. Smith, is dead, and his estate long since settled.

Then follows a statement of the relationship' of plaintiffs, and certain of defendants, to the deceased, showing that they are the only parties entitled to distribution. The petition then further alleges, in substance, that, after the execution of the bond, W. F. B. Grigsby entered upon the execution of said last will and testament, and did collect, and sell, all the property, real and personal, of which said testator died seized. Then follows an itemized statement of the property sold, and the amounts realized therefrom, the total amounting to a little over $14,400, all received by the executor prior to the thirtieth day of January, 1861.

The petition then states "that, in accordance with the direction of said will, said defendant, W. F. B. Grigsby, paid out and expended certain sums of money, for which he is entitled to credit, and said sums so paid out are as follows:

For *all debts* of decedent, and expenses of ad-
ministration, paid in 1859, and prior......$1,394.64
Special legacy to himself...................   5,000.00
Commission of five per cent.................     729.97
Expenses of administration paid in 1866, and
prior, but since 1859.....................     176.80

"That he has distributed to the parties thereto en-
titled, a part of said estate, in part payment of their
shares, as follows:   January 23, 1860, to Sharp and Saw-
yer, five hundred dollars ; January 21, 1861, to the heirs
of Charlotte Gordon, the sum of $1,096.96 ; and on No-
vember 10, 1871, he paid to the heirs of Maria Jenkins,
Susan Hieronymous, and I. Kemp Grigsby, a large part
of their distributive shares, leaving the amount due
them as follows:   Balance due Maria Jenkins, $5.35 ;
balance due Susan Hieronymous, $5.35 ;  balance due I.
Kemp Grigsby, $7.50 ; that the last annual settlement
made by said defendant, Wm. F. B. Grigsby, was made
in May, 1866 ; that said estate had never been finally
settled, and as breaches of said bond, that said executor
has not made a settlement of his accounts since 1866,
and has not accounted for, paid, or delivered, in accord-
ance with the provisions of said will, any of the sums of
money so received by him, except as hereinbefore stated ;
that all the debts of said decedent have been paid, and
that the sums remaining due the distributees of said
estate, under the provisions of said will, are as follows :"
Then follows a statement of the particular amount due
each one, with a prayer that an account be taken of the
execution of said will by said W. F. B. Grigsby, the
amount of the assets in his hands belonging to said
estate, and the share of each of the relators therein be
ascertained,  and for judgment therefor against said
Grigsby and his said sureties on his bond.

The defendants, Zoll and Calhoun, executors of Wil-
liam Calhoun, one of the sureties on the bond of said
executor, demurred to the petition, on the ground that

plaintiffs' cause of action did not accrue within ten years next before the commencement of this action. Plaintiffs dismissed their action against the executor and the other defendants, and the demurrer of defendants, Zoll and Calhoun, having been sustained and judgment thereon rendered in their favor, against the plaintiffs, they appeal to this court. The legal issue to be determined is one solely between the plaintiffs, as residuary legatees, and the representatives of one of the sureties on the bond of the executor of the estate, in which plaintiffs claim an interest as such legatees, in a statutory action commenced by the plaintiffs, in the name of the state, under the provisions of section 290, Revised Statutes, 1879, in which damages are to be assessed for a breach of the condition of the executor's bond, the breaches assigned being that the executor has not made a settlement of his accounts since 1866, and has not accounted for, or paid plaintiffs, their legacies under the provisions of the will.

There can be no doubt but that this action at law upon the bond for damages for both or either of the breaches assigned can be maintained, and in order thereto, it is not necessary that the executor should have assented to the legacy, nor are the legatees restricted to an action in the probate court, or compelled to resort to a court of equity to charge such executor, as trustee, in order to recover their legacy. If they choose to do so, they may proceed, in the first instance, as they have done in this case, by an action on the bond against the executor and his sureties, or either of them, for breach of its conditions, and in this way recover their legacy in the shape of damages for such breach.

Under the law, at the time this estate was being administered, legatees could not demand their legacies within one year after the grant of letters testamentary, nor could the executors be compelled to pay legacies within three years after the grant of letters, unless or-

dered by the county (probate) court to do so, unless the legatees gave a refunding bond. R. S., 1855, secs. 1 and 2, art. 6, chap. 2. But "if, upon any settlement, it appear that there is sufficient money to satisfy all the demands against an estate, the court shall order payment of legacies and distribution shares, as in case of debts, except that specific legacies shall be first satisfied." *Ib.*, sec. 3. This statute has remained unchanged since 1825, except that, in 1865, the period of *three years* was changed to *two years;* and it was held, as early as 1836, in an action brought against the sureties on an administration bond, that the jurisdiction of the county court to enforce distribution was not exclusive, but that the distributee had his right of action against the sureties on the bond of the administrator, when all the debts were paid, demands barred, and the administrator had assets subject to distribution. *State to use v. Rankin*, 4 Mo. 427. And in a long line of decisions since, it has been held that a distributee of an estate, after the debts were all paid, had his right of action on the statutory bond, whether final settlement, by the representative, or order of distribution, by the probate court, had been made or not. *State to use v. Campbell*, 10 Mo. 725; *State to use v. Stephenson*, 12 Mo. 179; *State to use v. Morton*, 18 Mo. 53; *State ex rel. v. Matson*, 44 Mo. 305; *State ex rel. v. Thornton*, 56 Mo. 325; *Morehouse v. Ware*, 78 Mo. 100.

Whilst there is not entire uniformity in the decisions as to the time when the distributee's right of action accrues, yet all the cases will be found within the limit of this rule, that when the assets of the estate in the hands of the representative can be required for no other purpose than the discharge of the claims of the distributees or legatees, and their right to those assets has become fixed by law, a right of action accrues to such distributees or legatees, on the bond, for the failure of the executor or administrator to account for and dis-

tribute those assets. In case of an executor having assets in his hands, when all the debts of the estate have been paid, when all demands against it are barred by the lapse of time ; when the time allowed by law for contesting the will has expired ; when specific legacies have been paid ; when all other trusts of the will have been discharged, and those assets are solely applicable to the discharge of residuary legacies, the right of the residuary legatee to institute an action on the bond of the executor accrues, for failure of such executor to discharge such legacies to the extent of the assets in his hands applicable thereto ; in other words, when the sole duty of the executor is to pay over to the residuary legatees the assets in his hands, and he fails to do so, the trust under which he theretofore held the assets of the estate may be regarded as discontinued, his further holding being inconsistent with the rights of the beneficiaries of that trust, and their right of action at law, upon the bond, for his breach of duty, is complete. This is a salutary principle, tending alike to conserve the interests of the beneficiaries of an estate, and to protect the sureties of an executor from risks not contemplated when they incurred their legal obligations. Each had a right to rely upon a prompt settlement of the estate in the probate court, and the rights of neither should be impaired, nor their burdens increased, by the failure on the part of such court to discharge its duty, or the possible inefficiency of the proceedings therein to secure those rights.

In this case, it appears, from the averments of the petition, that the will of the testator was admitted to probate on the thirty-first of October, 1856. On the first day of November, 1861, five years thereafter, no person having appeared to contest the validity thereof, it became finally binding, and fixed the rights and interests of those claiming under it. At that date, more than three years had elapsed since letters testamentary

The State ex rel. Fagan v. Grigsby.

had been granted upon the estate, and all demands against it were barred ; the executor had reduced all the property of the estate into money, and had paid all the debts of the testator, and the only specific legacy provided for by the will, as well as a large amount to the residuary legatees, and the residue in his hands was solely applicable to the discharge of the claims of such legatees. At that date, if not earlier, the plaintiffs' right of action at law, upon the bond of the executor, against him and his sureties, for his failure to account for and pay whatever was due them, on account of their legacies under the will of the testator, was perfect and complete ; and we find no error in the circuit court holding that this action, commenced more than twenty-seven years after the grant of the letters testamentary, twenty-four years after all the debts were paid, and demands against the estate barred, eighteen years after the executor had made his last settlement, and twenty-two years after their cause of action certainly accrued, on the principles and under the authorities hereinbefore quoted, was barred, as against the sureties on the executor's bond.

And its judgment is, therefore, affirmed. All concur.