CLARKE v. SINKS *et al.*, *Appellants.*

Division One, June 8, 1898.

1. Administration: FAILURE TO DISTRIBUTE: SUIT IN CIRCUIT COURT. After the time has expired for allowing claims against an estate, and all charges and demands have been settled, and the *only* remaining duty on the part of the executor is to pay the legacies, or on the part of the administrator is to make distribution, and he fails in this duty, an action may be maintained against him in the circuit court for a breach of this obligation without waiting for an order of distribution in the probate court and without waiting for a final settlement therein. But such suit can not be brought in such court so long as the assets have not been fully collected or the estate is

otherwise in process of administration under the direction of the probate court. And a suit brought for such purpose will be held to have been prematurely brought, unless it appears that the purposes for which administration was had have ended and that the executor or administrator in violation of his duty has failed to make final settlement and distribution.

2. ———: ANNUAL SETTLEMENTS: PRIMA FACIE EVIDENCE. Although annual settlements do not possess the character of a judgment, as do final settlements, yet they are *prima facie* evidence that the matters therein set out are correct, and that the credits allowed therein were for payments properly and legally made.

3. ———: PAYMENT OF LEGACIES: UNPAID NOTES. An executor can not be compelled to pay in cash to a legatee his share of notes not due. Nor can notes equal in amount to the *money* given the legatee be awarded to him, because the *money* and *not* the notes were bequeathed to him. And the court can not in this proceeding determine which note should be given him.

4. ———: ———: CASE STATED. The testator gave his wife one half his estate and devised to her certain lands specifically. He gave his own "blood kin" the other half and certain other lands as a part thereof. He sold of her lands $6,160 worth and of the lands of other devisees enough to make the entire purchase price $14,000, and took in payment $2,000 in cash and twelve notes of $1,000 each due one each year for twelve years, and then added a codicil providing that his wife should have the *amount* of the sales of the lands devised to her. *Held*, as a part of the notes were not due that were given in payment of the lands devised to her and of those given to his relatives, and sold by him, the widow was not entitled to a personal judgment against the executors for her share in the notes not due, nor could notes amounting to the balance due her be awarded to her.

*Appeal from Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED.

*D. H. McIntyre* and *Edwards & Edwards* for appellants.

(1) Appellants insist that the circuit court could not take the administration of this estate out of the

hands of the probate court where the Constitution and the law placed it. (2) There could be no judgment for plaintiff to recover property devised to her, against Clark's executors, until they had collected the property or got the same in their possession. (3) The court erred in excluding evidence tending to show that no part of the expenses of the estate had been deducted from plaintiff's share. She was not entitled to one half of the estate until the cost of administration had been deducted.

*W. S. Pope* for respondent.

(1) The circuit court had jurisdiction. *State to use v. Campbell*, 10 Mo. 724; *State, Etc., v. Morton*, 18 Mo. 71; *State ex rel. v. Grigsby*, 92 Mo. 419; *Way v. Priest*, 13 Mo. App. 555. If this court finds that the circuit court had jurisdiction it is decisive of the case. The only exceptions saved by the appellants are: *First*, to the introduction of any testimony; *second*, the refusal of the court to declare the law as requested; *third*, the overruling of a motion for a new trial; *fourth*, the overruling of motion in arrest of judgment. R. S. 1889, secs. 239 and 247. According to some of the authorities cited by appellant, the bequests to the plaintiff might be called demonstrative. Be it so, these legacies are not general but specific in character. There is no question as to the amount received by Mrs. Clark. She only received one half of the bank stock and two of the Reed notes for $1,000 each. Also, see *State ex rel. v. Matson*, 44 Mo. 305; *Smith v. McKitrick*, 51 Iowa, 548; *Maybery v. Grady*, 67 Ala. 147; *James v. Faulk*, 54 Ala. 184; *Knox v. Knox*, 59 Wis. 46; *Addison v. Smith*, 83 Me. 551; *Bradford v. Brinkley*, 145 Mass. 81; 3 Williams on Exrs. 436; Woerner's Am. Law of Admrs. 965.

WILLIAMS, J.—Plaintiff, widow of J. M. Clarke, deceased, instituted this action in the circuit court of Cole county against his executors to recover certain bequests claimed to be due her under the will of her deceased husband. The suit is against the executors personally, and not in their representative capacity. Plaintiff bases her action upon an alleged breach of duty by defendants in failing and refusing to pay parts of certain legacies given her in the will, notwithstanding funds were in their hands applicable to that purpose, and the proper time for payment had elapsed, and demand had been made therefor. The petition contains three counts. The second was abandoned or dismissed; plaintiff had judgment upon the first and third, and defendants have appealed.

Plaintiff's charges, which apply to both counts here for review, are that her husband, Joseph M. Clarke, made his will on the twenty-sixth of February, 1889, and appointed defendants executors thereof without bond; that he died in December of that year, and his will was admitted to probate on the twelfth of said month; that defendants thereupon duly qualified as executors and entered upon the discharge of their duties and were still acting in that capacity. These allegations were admitted in the answer.

It is further alleged that deceased, at the time of his death, was not indebted in any sum except to plaintiff and for expenses incurred during his last sickness; that all funeral expenses and charges upon said estate had been fully paid; that more than five years had elapsed since letters testamentary were granted to defendants, and that "no part of the legacies, bequests and devises made to plaintiff were necessary to pay any charges against said estate," but that "the same ought to remain intact in the hands of the defendants." The answer, after some *specific* admissions, denied the *other*

allegations, in which denial the averments set out in *this* paragraph were included. It is also affirmatively charged, upon this subject, in the answer, that defendants had paid a number of debts and claims duly allowed against the estate amounting to about the sum of $4,993.49.

Plaintiff, in addition to the above general statements, alleged, in the *first* count of the petition, that deceased, by his will, bequeathed to her "one half of his bank stock, notes and cash," and that defendants had delivered to her one half of the bank stock (part of which she afterward exchanged with them for certain promissory notes) but that they had from time to time, collected a number of notes belonging to deceased at the time of the execution of the will and at his death, aggregating $6,378.80 (a list of which was given) and that she was entitled to one half thereof, to wit, $3,189.40; that she had demanded the same from time to time, and continuously since the expiration of two years from the date of defendants' letters, and payment had been refused and she asked judgment for the sum so alleged to be due and interest thereon.

The answer to this part of the complaint was an admission that some notes named therein had been collected, a denial that others had been paid, and an allegation that plaintiff had received her part of all of said collections.

It may be here stated, that the evidence and admissions disclosed that about $3,279.15 were received by defendants on these notes.

1. Defendants, in their answer and at the trial, challenged the jurisdiction of the circuit court and objected to the introduction of any evidence under the petition, claiming that the probate court of Cole county, in which the administration was pending, had the exclusive right to order distribution of the estate and the

payment of legacies, and until such an order should be made, this action would not lie. The circuit court ruled this point in favor of plaintiff, and in so doing, plainly followed the decisions of this court.

It has been held in a number of cases, that after the time has elapsed for the allowance of claims against an estate and when all demands and charges of every kind have been settled, and *the sole duty remains upon the part of the executor to pay the legacies*, or of the administrator to make distribution, and he fails so to do, an action may be maintained against him for this breach of duty without waiting for an order of distribution by the probate court. *State ex rel. v. Matson*, 44 Mo. 305; *State to use. v. Thornton*, 56 Mo. 325; *State ex rel. v. Grigsby*, 92 Mo. 419. It was said in the last case: "When the sole duty of the executor is to pay over to the residuary legatees the assets in his hands, and he fails to do so, the trust under which he theretofore held the assets of the estate may be regarded as discontinued, his further holding being inconsistent with the rights of the beneficiaries of that trust, and their right of action at law upon the bond for his breach of duty is complete." The *petition* was therefore well enough, and this seems to have been the principal contention in the trial court.

When, however, we examine the *evidence*, we find nothing to show what demands were allowed against the estate or that all such were paid. It *is* shown that a judgment was rendered in plaintiff's favor upon a note for $172.15, and further than this, we find nothing upon the subject. Four annual settlements of the executors were offered in evidence by plaintiff, and the last one before this suit was commenced only showed a cash balance of $695.77 in their possession. This would indicate that they did not have under their control money applicable to plaintiff's demands, for which they failed,

in breach of their duty, to account to her. We do not think that they were under obligation to pay to her the *specific* money received from these notes as collected. These annual settlements, although not possessing the character of a judgment as do final settlements, were *prima facie* evidence that the matters therein set out were correct, and that the credits allowed were for payments properly and legally made. *Myers v. Myers*, 98 Mo. 262; *McPike v. McPike*, 111 Mo. 216. The settlements show upon their face that defendants were not withholding money that was subject to plaintiff's claim; that all the money except $695.77, had been paid out and, in the absence, of anything to the contrary, we must presume, properly so paid, as the payments were approved by the probate court. It may be that matters within the knowledge of counsel were *assumed* upon the trial, but *we* can only consider that which appears in the record.

It further appears from the evidence that the estate was still in the process of administration under the direction of the probate court when this suit was brought. The assets had not been fully collected. The executors were regularly reporting to and making settlements with the probate court, and the matter of ordering distribution was within the jurisdiction of that court (1 R. S. 1889, sec. 239 *et seq.*). A legatee or distributee can not sue upon the bond of an executor or administrator, or bring an action for breach of duty whenever such heir or legatee may think a partial distribution should be made, or when in fact it might properly be done, but no order therefor has been made. Such a ruling would permit any number of suits to be brought pending the administration of an estate, and even, at different times, by the same heir. This would require the investigation of the condition of the estate by the circuit court upon each trial, and would cause unnecessary embarrass-

ments and probable conflicts in the rulings of the courts concerning the propriety of making such distributions. Our statute provides a plain and speedy method of administration under the direction of the probate court. It is only when the purposes of the trust have ended and the *sole* duty of making payment to the heir or legatee remains and the executor, in violation of his duty, has failed to make his final settlement, that suit may be brought for failure to make such payment. In such case the executor can not set up one breach of duty, and hide behind his omission to make final settlement, to prevent a recovery for another breach in failing to pay over money wrongfully withheld by him. *State ex rel. v. Grigsby*, 92 Mo. 419, and cases cited.

The suit, upon the evidence preserved in the record, was prematurely instituted.

2. The third count of the petition is based upon these facts. Plaintiff's husband devised to her (among other real estate) some Illinois land and gave some other tracts to *his* relatives. He declared in different places in his will that plaintiff and her relations, with her consent, should have half of his property. They had no children, and the other half he gave to his "blood kin," as he expressed it. The will placed a valuation upon the lands devised to plaintiffs and also upon that specially given to others. After making his will he sold some of his Illinois land intended for his wife for $6,160, and also some tracts he had devised to other parties. The total purchase price was $14,000. Two thousand dollars of this were paid in cash and the remainder was represented by twelve notes payable to him for $1,000 each. One of the notes was to become due in each successive year for twelve years. It will be seen that the price to be paid for the land given the wife by the will was not kept separate from that for the other land.

After he had made the sale he added a codicil to his will, in which this clause appears: "Whenever I have sold property devised to my wife and her relatives, the amount thereof shall go to her, and if she approves, to her relatives in the proportion of the valuation as given in said will, and of that intended to have been sold by my executors to pay bequests to my own blood kin, or specifically devised to them, the proportion of the valuation of such property to be set apart from the personal estate, being over and above the valuation of my personal estate as given in the estimate in my said will (viz., $20,000), the sales I have made or which I may hereafter make being with a view of assisting my executors in the disposal of my said estate and not to change in a material way the devises set forth in my will," etc. The above twelve notes came to the hands of the defendants after the death of Mr. Clarke. They delivered two of them to plaintiff on account of her share of the estate. Subsequently, they exchanged three of them with her for some bank stock which had been delivered by them to her. They collected two others and the remaining notes were in their hands unpaid when this suit was begun. Plaintiff claimed that she was entitled under the codicil to the $6,160 for which the deceased in his lifetime sold the lands he had devised to her, and, as defendants had only turned over $2,000 in notes, she should have judgment for $4,160; or if a personal judgment against defendants could not be rendered in her favor for said sum, the notes to that amount should be awarded to her.

Defendants can not be made to pay the $4,160 claimed by plaintiff. The notes were not given solely for the land which was intended for her. If she can require that the executors make good her part of the purchase money, out of their own funds, the parties interested in and entitled to the remainder thereof must

have the same right. The executors would thereby be required for no fault of theirs and before the maturity of the notes to advance this money and risk collecting it thereafter. It is no fault of theirs or of any one that the money has not been paid. It is not due, at least part of it is not, under the contract made by the testator in his lifetime, and which he had a perfect right to make. The executors can not be compelled now to pay plaintiff out of their funds any portion of this purchase money.

Respondent concedes the force of the objection to a personal judgment against the defendants, but suggests that a modification be made so as to award to her notes amounting to her interest in the fund. This is equally impracticable. The *notes themselves* (even if those given for the lands devised to her could be identified) were not bequeathed to her. Which note should she receive? Has the court in this proceeding any power to require *her* to accept the last one to mature and reserve the first one payable for the other interested parties, or *vice versa?* We do not think a division of the notes can be made in *this* suit, and an attempt to do so would lead to many complications. The plaintiff under the codicil is not entitled to have delivered to her any specific note or notes of the twelve originally given or of the five remaining unpaid when the suit was brought. The testator did not so direct, and we have no means of determining which should go to her and which the executors should retain.

It may be that plaintiff has not received what is due her from the estate, and that upon a proper settlement with defendants she will be justly entitled to what she claims and that this should be ordered paid to her by the probate court. We do not pass upon that question. We only hold, upon the case presented here, that this action was brought prematurely, and the judgment is therefore reversed. All concur.