In re Estate PRESLEY POUND; JAMES S. POUND
et al. v. CASSITY, Executor, Appellant.

**Division One, January 13, 1902.**

1. **Administration:** ORDER OF DISTRIBUTION WITHIN TWO YEARS: RE-FUNDING BOND. Under the statute, the executor or administrator can refuse to make distribution under an order made within two years after date of letters unless the distributees give him refunding bonds. Nor is this right in conflict with section 240 (R. S. 1889), which provides that distribution may be ordered upon any settlement if it appears there is sufficient money to satisfy all demands against the estate, for that section means that such order may be made after the

expiration of two years, when all demands are barred, or prior to that time if the refunding bonds are given or waived.

2. ———: ———: ———: OTHER DEFENSE: WAIVER. Where the administrator's sole defense to an order of the probate court to make distribution of the funds in his hands is that the order does not direct the distribution according to the rights of the parties, he can not escape the penalty of such order by a showing that it was made within two years after letters were issued without the requirement of refunding bonds. If he has never demanded such bonds, and has failed to stand on his rights to refuse to make distribution until such bonds are given, but opposed the order in the probate court and circuit court on the sole ground that the widow was receiving more than her share, the order of distribution will stand, whether made within two years or not.

3. ———: ———: INTEREST. Where an administrator refuses to obey an order of distribution he will, on an affirmance of that order, be taxed individually with interest on the allowance of the claimants.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*C. C. Bigger, H. Lander* and *E. R. Stephens* for appellant.

(1) The distributees, James S. and John M. Pound, assignees of widow, neither gave nor offered to give any refunding bond under section 239, R. S. 1899. (2) Until final settlement in this case, and the time for allowing claims has expired and all charges and demands have been settled and the only remaining duty of the executor is to pay out on final distribution, can the executor be forced to distribute funds of the estate excepting where refunding bond is tendered under section 239. Clark v. Sinks, 144 Mo. 448. While James S. and John M. Pound, children of Presley Pound, may, on final settlement, be entitled to their share of the rents from real estate as distributees or legatees, they do not take it as assignee of widow. Sec. 2937, R. S. 1899; McLaughlin v. McLaughlin, 16 Mo. 250;

Creeclius v. Horst, 89 Mo. 358. (3) If a widow elects not to take under her husband's will, but to be endowed in her husband's estate under the statute relative to renunciation of wills, she, as a distributee, must wait the final settlement of the estate. Griffith v. Canning, 54 Mo. 282. Her assignees certainly do not occupy a better position.

*A. W. Mullins* for respondents.

(1) The widow, upon the death of her husband and her renunciation of the provisions of his will made in her behalf and her election to take under the general law, although without children by her said deceased husband, had a right to a share of his personal estate equal to that of a child of such deceased husband by a former marriage, under section 2937, Revised Statutes 1899. Sec. 4517, R. S. 1889; sec. 2189, R. S. 1879; sec. 4, p. 520, G. S. 1865; sec. 4, p. 669, R. S. 1855; sec. 2, p. 430, R. S. 1845; sec. 2, p. 228, R. S. 1835; Stone v. Stone, 18 Mo. 389; Hayden's Adm'r v. Hayden's Adm'r, 23 Mo. 398; Haniphan v. Long, 70 Mo. App. 351. (2) The dower right of the widow vested immediately upon the death of her husband and her election not to take under the will but under the general law. Hayden's Adm'r v. Hayden's Adm'r, supra; Hastings v. Myers' Adm'r, 21 Mo. 519; Wall's Guardian v. Coppedge, 15 Mo. 448. (3) The widow's right of dower in the estate of her deceased husband having become vested and fixed by her election not to accept the provisions of the will made in her behalf, but to take under the statute both as to the realty and personalty, it was competent for her to sell, convey, assign and transfer her said interest in said estate to the claimants, James S. and John M. Pound, which she did by the instrument in evidence. 2 Woerner on Law Am. Administration, sec. 563, p. 1235. (4) The probate court proceeded regularly and as provided by law in ordering distribution upon the approval of the executor's first annual settlement. The

funds on hand were amply sufficient to enable the executor to comply with the order. He did comply with the order with respect to all the distributees except Scott and John Pound, the widow's assignees, and no refunding bond was demanded from or given by any of them. He demanded no bond from respondents but immediately appealed from the order as to them alone. The probate court having ordered the distribution, it was the duty of the executor to have obeyed it, though no refunding bond was given or tendered. State to use v. Stephenson, 12 Mo. 178; State ex rel. v. Grigsby, 92 Mo. 424; State to use v. Thornton, 56 Mo. 325. (5) For failure to pay on distribution as ordered by the probate court the executor is liable on his bond personally. State to use v. Modrell, 15 Mo. 421. And in default of paying the distributive part or share, as ordered, the executor, in his individual capacity, should be adjudged and required to pay interest at least at as high a rate as that fixed by statute. Schouler on Executors and Administrators, secs. 481, 538; 2 Woerner Am. Law of Administration, sec. 458; 1 Perry on Trusts and Trustees (3 Ed.), sec. 468, pp. 589-590; Cruce v. Cruce, 81 Mo. 676; In re Assignment of Murdock & Dickson, 129 Mo. 500.

MARSHALL, J.—This is a motion, by the assignees of the right of the widow of Presley Pound to a child's share in the personal estate, for an order of partial distribution. The probate court ordered the distribution. The executor appealed to the circuit court, where a like order was entered, and the executor appealed to this court.

The facts are these: On December 6, 1897, the will of Presley Pound, deceased, was admitted to probate. On December 22, 1897, the widow renounced the will and elected to take dower in the real estate and a child's share in the personal property. The court allowed and the executor paid the widow $400 as her absolute property, as provided by section 106, Revised Statutes 1899. On April 26, 1898, the widow con-

veyed and assigned her dower in the real estate and her share in the personal property to James S. and John M. Pound. On February 14, 1899, the executor filed his first annual settlement, which showed that the assets collected amounted to $32,986, and that the disbursements amounted to $23,154.03, leaving a balance in his hands of $9,831.97. The deceased left six children by a former marriage, to-wit, Sarah Hawkins, P. B. Pound, J. S. Pound, J. M. Pound, Josephine Cassity the wife of the executor, and Martha Mathews, and the widow of the second marriage, Mary M. Pound. The $23,154.03 disbursements included the following sums paid by the executor to the children and widow:

| | |
|---|---:|
| To Sarah Hawkins the sum of | $ 4,153.93 |
| To P. B. Pound the sum of | 4,153.93 |
| To J. S. Pound the sum of | 4,153.93 |
| To Josephine Cassity the sum of | 4,203.18 |
| To J. M. Pound the sum of | 2,228.50 |
| To Mary M. Pound, widow, the sum of | 400.00 |
| And to Martha Mathews | nothing |
| Making the total distribution to the widow and legatees | $19,293.47 |

The probate court found that a portion of the $9,831.97 balance on hand, could be distributed without prejudice to any one, as contemplated by section 239, Revised Statutes 1889, and accordingly ordered the executor to retain $966 and to distribute the $8,835.97 of the $9,831.97 balance on hand as follows:

| | |
|---|---:|
| To J. M. Pound and J. S. Pound, assignees of Mary M. Pound, widow, the sum of | $ 3,618.49 |
| To Martha Mathews, legatee, the specific legacy of | 25.00 |
| To Sarah Hawkins, legatee, the sum of | 663.26 |
| To P. B. Pound, legatee, the sum of | 663.26 |
| To J. S. Pound, legatee, the sum of | 663.26 |

To Josephine Cassity, legatee, the sum of. . . .        614.01
To J. M. Pound, legatee, the sum of. . . . . . . .     2,588.69

"It is further ordered that the executor deliver to Martha Mathews all 'the notes and evidences of debt, of every kind, due by her to said estate now in his possession."

When the case was tried in the circuit court the evidence developed the fact that the executor had paid the children the amounts specified in the settlement as a part of their legacies, before the expiration of two years from the date of his letters, and did not require a refunding bond from them, but that he had paid the widow nothing, except the $400, because he did not think she was entitled to anything, and that he had never demanded a refunding bond from her. It also appeared that all the known debts of the estate had been paid, and that there were no more expenses to be incurred except the cost of administration, and that the executor was receiving the rent of the real estate in addition to the $966 he was ordered to retain. The circuit court rendered judgment similar to that rendered by the probate court, and the executor appealed.

## I.

The defendant contends that the order of partial distribution is premature and that under section 238, Revised Statutes 1889 (sec. 239, R. S. 1899), he could not be compelled to make distribution within two years after the date of his letters, unless a refunding bond is given to him by the distributees.

Section 238, Revised Statutes 1899, provides that executors can not be compelled to pay legacies until one year after the date of the letters, unless the legacies would be perishable or subject to injury, if retained one year. Section 239, Revised Statutes 1899, provides that no executor shall be compelled to pay legacies or make distribution within two years from the date of the letters, unless bond and security be given

by the legatee or distributee to refund his due proportion of any debt which may afterwards be established against the estate, and the costs attending the recovery thereof. Section 240, Revised Statutes 1899, provides that, "If upon any settlement it appear that there is sufficient money to satisfy all the demands against an estate, the court shall order the payment of legacies and distribution of shares, as in the case of debts, except that the specific legacies shall be first satisfied."

Sections 238 and 240 are the same as they have always been since 1825, and section 239 is the same except that prior to the revision of 1865 the period was three years instead of two, and except further, that it contained the words *"unless ordered to do so by the court,"* which was left out of the law by the revision of 1879 (sec. 244, R. S. 1879). Under the law as it was in 1848, it was held in State v. Stephenson, 12 Mo. l. c. 182, that an executor could be compelled to make distribution after the expiration of one year and before the expiration of three years, without requiring a refunding bond from the distributee, if the court ordered it to be done. The cause of action under consideration in the case of State ex rel. Fagan v. Grigsby, 92 Mo. 419, arose before either of the above-noted changes were made in the law—the will having been probated in October, 1856, while the suit on the bond was not begun until 1884, so that more than three years had elapsed before any attempt was made by the legatees or distributees to enforce distribution. But while this is true, and while it is also true that case did not involve a construction of the power of the probate court under section 239 as it then was, nor under section 240 as it always has been, still what was so aptly said in that case is pertinent here. BRACE, J., delivering the opinion of the court in that case, said:

"Under the law, at the time this estate was being administered, legatees could not demand their legacies within one year after the grant of letters testamentary, nor could the executors be compelled to pay legacies within three years after the grant

of letters, unless ordered by the county [probate] court to do so, unless the legatees gave a refunding bond.   [R. S. 1855, secs. 1 and 2, art. 6, chap. 2.]   But 'if, upon any settlement, it appear that there is sufficient money to satisfy all the demands against an estate, the court shall order payment of legacies and distributive shares, as in case of debts, except that specific legacies shall be first satisfied.'   [Ib., sec. 3.]   This statute has remained unchanged since 1825, except that, in 1865, the period of three years was changed to two years; and it was held, as early as 1836, in an action brought against the sureties on an administration bond, that the jurisdiction of the county court to enforce distribution was not exclusive, but that the distributee had his right of action against the sureties on the bond of the administrator, when all the debts were paid, demands barred, and the administrator had assets subject to distribution.   [State to use v. Rankin, 4 Mo. 427.]   And in a long line of decisions since, it has been held that a distributee of an estate, after the debts were all paid, had his right of action on the statutory bond, whether final settlement, by the representative, or order of distribution, by the probate court, had been made or not.   [State to use v. Campbell, 10 Mo. 725; State to use v. Stephenson, 12 Mo. 179; State to use v. Morton, 18 Mo. 53; State ex rel. v. Matson, 44 Mo. 305; State ex rel. v. Thornton, 56 Mo. 325; Morehouse v. Ware, 78 Mo. 100.]   Whilst there is not entire uniformity in the decisions as to the time when the distributee's right of action accrues, yet all the cases will be found within the limit of this rule, that when the assets of the estate in the hands of the representative can be required for no other purpose than the discharge of the claims of the distributees or legatees, and their right to those assets has become fixed by law, a right of action accrues to such distributees or legatees, on the bond, for the failure of the executor or administrator to account for and distribute those assets.   In case of an executor having assets in his hands, when all the debts of the estate have been paid, when all de-

mands against it are barred by the lapse of time; when the time allowed by law for contesting the will has expired; when specific legacies have been paid; when all other trusts of the will have been discharged, and those assets are solely applicable to the discharge of residuary legacies, the right of the residuary legatee to institute an action on the bond of the executor accrues, for failure of such executor to discharge such legacies to the extent of the assets in his hands applicable thereto; in other words, when the sole duty of the executor is to pay over to the residuary legatees the assets in his hands, and he fails to do so, the trust under which he theretofore held the assets of the estate may be regarded as discontinued, his further holding being inconsistent with the rights of the beneficiaries of that trust, and their right of action at law, upon the bond, for his breach of duty, is complete.    This is a salutary principle, tending alike to conserve the interests of the beneficiaries of an estate, and to protect the sureties of an executor from risks not contemplated when they incurred their legal obligations."

The change in section 239, made in the revision of 1879, by omitting the words "unless ordered to do so by the court" was material, for, as interpreted by this court, the probate court had power under the old law to order a partial distribution before the expiration of the time when demands against the estate would be barred, without requiring a refunding bond, whereas now the law is express that no executor shall be compelled to make distribution within two years after the date of his letters unless a refunding bond is given.    It is true section 240, Revised Statutes 1899, provides, as has always been the law, that if upon *any* settlement it appears that there is sufficient money to satisfy all the demands against an estate, the court shall order the payment of legacies and distribution of shares.    No time is here limited after the date of the letters, but the court has the power whenever it appears from any settlement, the first, second, final or other, that there is money enough to pay all demands.    Of course it could not be known

absolutely before the expiration of two years how many demands might be presented, and therefore this section must be construed in connection with section 239, Revised Statutes 1899, which requires a refunding bond of the distributees if distribution is made within two years after the date of the letters. So construed the two sections harmonize, and they could not be made to harmonize under any other construction.

The letters in this case were dated December 6, 1897. The order of distribution was made by the probate court on February 18, 1899, which was within two years after the date of the letters. The executor, therefore, was entitled to demand a refunding bond before paying the legacies or making distribution, and if he had done so, and it had not been given, his position would have been impregnable. But he did not place his refusal upon any such ground. He did not object to the order of the court because it did not require a refunding bond as a condition precedent to the right of the legatees or distributees to demand the payment of their distributive shares, and he never demanded any bond from the widow or assignees or from any of the legatees. On the contrary, he paid large sums to the legatees prior to his first settlement, within two years after the date of his letters, without any order of the court and without requiring a refunding bond, and all through this case he has taken the position that he would not pay the widow anything beyond the $400 already paid, because he did not think she was entitled to any share of the personal estate. This being true it does not lie in his mouth now to say that the order was not obeyed because no refunding bond was given. In fact he does not say so now in express terms. He only says the order was premature. The court had full power under section 240, Revised Statutes 1899, to make the order when it did, and as the executor did not stand on his rights under section 239, and demand a refunding bond, but on the contrary denied wholly the right of the widow to any share in the personal

property, his position is untenable, and the judgment of the trial court was right.

There is nothing in this record to show that any part of the $8,835.97 ordered distributed consisted of rents collected after the death of the decedent, and therefore there is no merit in the contention that the widow had not assigned that part to the claimants, nor that the widow had no interest in the rents arising out of the real estate.

The judgment of the circuit court is right, and it is affirmed, and interest at the rate of six per cent per annum is added to the allowance in favor of the claimants, to be paid by the executor individually, as also all the costs. All concur.